WATTS v MICHIGAN MULTI-KING, INC

Docket No. 293185. Submitted October 7, 2010, at Detroit. Decided December 14, 2010, at 9:00 a.m.

Nyla Watts filed suit in the Wayne Circuit Court against Michigan Multi-King, Inc, after she slipped and fell on a wet floor in defendant's Baja Fresh restaurant. The court, Daphne Means Curtis, J., granted defendant's motion for summary disposition on the theory that the wet condition of the floor was an open and obvious danger. Plaintiff appealed.

The Court of Appeals held:

A premises possessor has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition on the land, but is not required to protect an invitee from an open and obvious danger unless special aspects of the condition make the risk unreasonably dangerous. A condition creates an open and obvious danger if it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual inspection. A condition that is not visible to a reasonable and sighted person is not an open and obvious danger. The restaurant floor had been mopped shortly before plaintiff's fall. Although the incident report indicated that there were "wet floor" signs present, plaintiff testified that there were no signs present and that, both before and after her fall, the tile did not look shiny or wet, and nothing else about its appearance appeared out of the ordinary. Defendant presented no evidence to show the floor was visibly wet at the time of plaintiff's fall. Plaintiff produced evidence that the condition was not an open and obvious danger and so summary disposition was improperly granted.

Reversed and remanded.

WILDER, P.J., concurring in the result, agreed that defendant failed to present evidence to show that the allegedly wet floor was visibly wet.

NEGLIGENCE — PREMISES LIABILITY — INVITEES — OPEN AND OBVIOUS DANGERS.

A condition creates an open and obvious danger for which a premises possessor may be liable if it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual

inspection; a condition that is not visible to a reasonable and sighted person is not an open and obvious danger.

*Eric H. Clark* for plaintiff.

*Feuer & Kozerski, P.C.* (by *Scott L. Feuer*), for defendant.

Before: WILDER, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition on the basis of the open and obvious danger doctrine. We reverse and remand. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

## I. BACKGROUND

On February 27, 2008, at approximately 4:00 p.m., plaintiff was finishing a meal at defendant's restaurant in Northville, Michigan. There was no precipitation falling that day, but plaintiff stated that there may have been snow on the ground outside. Plaintiff was wearing boots with approximately 1½-inch wedge heels, and she wore corrective lenses.

After ordering her meal at the counter, plaintiff put her purse down at a table and went to get a drink before sitting down. Her friend went to the self-serve salsa bar, brought some salsa back to the table, and then retrieved both of their trays of food from the counter when their numbers were called. Once the two women finished eating, they got up from the table to throw away their trash. Plaintiff slipped and fell while walking with her tray from the table to the trash receptacle, landing on her left hip and side.

Plaintiff was helped up by one of the restaurant's employees. The employee said, "Sorry, we just mopped the floor." When plaintiff stood up, she noticed that her hand and clothes were damp, but did not notice any spills or color to the wetness. She testified that "[i]t looked like the tile that's on the floor" except for a smudge created by her own fall.

Plaintiff was then approached by another employee, who also apologized and explained that they had just mopped the floor. The employee explained that they try to mop when there are few customers in the restaurant. She gave plaintiff the manager's name and telephone number and told her that, as soon as the manager arrived, they would fill out an incident report. The employee also took plaintiff's name, address, and telephone number.

Plaintiff's friend drove her back to work. Her manager at work immediately drove her to Providence Park Hospital because her pain was getting worse. Plaintiff was diagnosed with hip contusions and a lumbar muscle strain. She was told to take Motrin for pain, but when it made her sick, she was prescribed Darvocet. Several days later, plaintiff met with her primary care physician, who gave her a shot of anti-inflammatory medication. Plaintiff also saw an orthopedic doctor and a physical medicine doctor.

At her deposition, plaintiff stated that she did observe the floor as she walked toward the waste receptacle and that she did not notice anything on, or unusual about, the floor before her fall. She had not seen any spills, caution signs, or anything else that would indicate the floor was anything other than normal. She did not see any employee of the restaurant mopping the floor before her fall. The restaurant was not busy; only a few patrons came and went during the

time that plaintiff and her friend were there and none of them sat down to eat. The incident report generated by the restaurant employees acknowledged that plaintiff had slipped on the wet floor. The report indicates that "wet floor" signs were on display at the time. However, as previously noted, plaintiff testified that no such signs were present.

Plaintiff filed a complaint alleging negligence against defendant in permitting an unreasonably dangerous condition to exist on the floor of the restaurant. On April 22, 2009, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff's claim was barred by the open and obvious danger doctrine. Plaintiff responded that there was a genuine issue of material fact regarding whether the danger was open and obvious, as her deposition showed that she had not noticed the dampness on the floor until after she had fallen. At the June 26, 2009, hearing on defendant's motion for summary disposition, the trial court dismissed the case, stating:

> [T]his is just the kind of case that the Supreme Court in *Lugo* and *Bertrand* and *Sidorowicz* . . . discuss, and that is the situation where a reasonable prudent person on casual inspection should be aware of the danger. I don't like the law in that regard, especially the case I just talked about, but it is the law. The motion is granted.

Accordingly, on July 8, 2009, the court entered an order dismissing plaintiff's cause of action. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues that the trial court erred in granting defendant's summary disposition motion under MCR 2.116(C)(10) and dismissing her claim on the basis that the hazard that caused her fall and related injuries was

open and obvious. We review de novo a trial court's ruling on a motion for summary disposition. *Kuznar v Raksha Corp*, 481 Mich 169, 175; 750 NW2d 121 (2008). In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

A landowner has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor is not generally required to protect an invitee from open and obvious dangers, unless special aspects of a condition make even an open and obvious risk unreasonably dangerous, in which case the possessor must take reasonable steps to protect invitees from harm. *Id*. at 516-517.

The question of whether a condition presents an "open and obvious" danger depends on whether "it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual inspection." *O'Donnell v Garasic*, 259 Mich App 569, 575; 676 NW2d 213 (2003). The test is objective; "the inquiry is whether a reasonable person in the plaintiff's position" would have done so. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). When deciding a summary disposition motion based on the open and obvious danger doctrine, "it is important for courts . . . to focus on the objective nature of the condi-

tion of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich at 523-524. If genuine issues of material fact exist regarding the condition of the premises and whether the hazard was open and obvious, summary disposition is inappropriate. See *Bragan v Symanzik*, 263 Mich App 324, 327-328; 687 NW2d 881 (2004).

In this case, the parties essentially agree that the floor had been mopped shortly before plaintiff's fall. Although the report from the store indicated that there were "wet floor" signs present, plaintiff testified that there were no signs present. Plaintiff testified that both before and after her fall, the tile did not look shiny or wet, and nothing else about its appearance appeared out of the ordinary.

Defendant has offered no testimony or other evidence to demonstrate that the floor was visibly, let alone obviously, wet at the time of plaintiff's fall or that a reasonable person would have observed that condition on casual observation. Instead, defendant has sought to broaden the open and obvious doctrine so as to render even non-visible hazards visible.

Defendant and the trial court appear to have misunderstood the decision in *Sidorowicz v Chicken Shack, Inc*, unpublished opinion per curiam of the Court of Appeals, issued January 17, 2003 (Docket No. 239627), upon which they rely. In *Sidorowicz*, the plaintiff was legally blind and, therefore, unable to see the water on the floor of the men's restroom on which he slipped and fell. *Id.* at 1. An employee testified that upon inspection of the bathroom she could see water on the floor. *Id.* at 2. Thus, the water on the bathroom floor was visible upon casual inspection. A panel of this Court held that, for application of the open and obvious doctrine, the plaintiff's blindness was irrelevant. The Michigan Su-

preme Court denied leave, 469 Mich 919 (2003), and Justice TAYLOR's concurrence essentially approved the Court of Appeals' analysis.[1]

Contrary to defendant's assertion, even if *Sidorowicz* had precedential authority,[2] it would not mandate dismissal in this case. Indeed, defendant and the trial court have turned the *Sidorowicz* holding on its head by concluding that conditions a reasonable and sighted person might *not* see may nevertheless be considered open and obvious. Defendant and the trial court both failed to recognize that the reason the water in *Sidorowicz* was found to be open and obvious was that, despite being unseen by a blind person, it remained discoverable on casual inspection to a sighted person. Defendant's contention that hazards which are not visible even to a reasonable and sighted person can still be open and obvious runs counter to the most fundamental principle of the doctrine, i.e., that the hazard be discoverable "upon casual inspection." *O'Donnell*, 259 Mich App at 575.

Furthermore, we reject defendant's assertion that a wet floor in a restaurant is a common everyday hazard of which customers are expected to be aware, making it *always* open and obvious regardless of its visibility. Defendant is essentially arguing that by simply entering a restaurant, patrons are on notice that the floor may have been mopped or a spill may be present making a slip and fall likely and requiring that they avoid stepping on a wet floor even if the floor is not

---

[1] We do note that the Michigan Supreme Court has never yet granted leave "to explore how [its] explanation of the open and obvious doctrine in *Lugo* . . . relates to those with disabilities." *Sidorowicz*, 469 Mich at 920 (CAVANAGH, J., dissenting).

[2] *Sidorowicz* is an unpublished opinion and so is not precedentially binding. MCR 7.215(C)(1).

visibly wet. This is not consistent with the open and obvious doctrine, but instead rests upon a broadened version of the assumption of risk doctrine which, even in its narrower form, was abolished in Michigan 45 years ago, see *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 78; 597 NW2d 517 (1999) (Noting that *Felgner v Anderson*, 375 Mich 23; 133 NW2d 136 (1965), "abolished assumption of the risk in" ordinary negligence actions), and has no place in the "open and obvious" doctrine.

### III. CONCLUSION

The entire premise of the open and obvious danger doctrine requires that the hazard would be *"obvious"* upon *"casual* inspection." *O'Donnell*, 259 Mich App at 575 (emphasis added). Plaintiff has introduced evidence that this was not the case here and so summary disposition was improperly granted. Accordingly, we reverse and remand for additional proceedings not inconsistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, is entitled to costs. MCR 7.219(A).

WILDER, P.J. (*concurring*). Because I agree with the majority that defendant failed to present evidence to show that the allegedly wet floor was *visibly* wet, such that it would have been reasonable to expect "an average person of ordinary intelligence" to discover the wet floor condition "upon casual inspection," *O'Donnell v Garasic*, 259 Mich App 569, 575; 676 NW2d 213 (2003), I concur in the result reached by the majority.