# STATE OF MICHIGAN

# COURT OF APPEALS

PETER T. MACASKILL, Personal Representative
of the ESTATE OF KAREN A. MACASKILL,

        Plaintiff-Appellant,

v

THE KROGER COMPANY and KROGER
LIMITED PARTNERSHIP,

        Defendants,

and

THE KROGER COMPANY OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
March 5, 2015

No. 319297
Macomb Circuit Court
LC No. 2013-001126-NO

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

DONOFRIO, P.J. (*concurring in part and dissenting in part*).

Because plaintiff's claim sounds in premises liability and not ordinary negligence, I concur with the majority that summary disposition was proper with respect to plaintiff's ordinary negligence claim. However, with respect to the majority's view that there is a question of fact as to whether the hazard was open and obvious, I respectfully dissent because the hose upon which Karen MacAskill tripped was easily observable from her position.

Plaintiff's decedent, Karen MacAskill, tripped and fell on a garden hose in front of the entrance to defendant's St. Clair Shores store in August 2012. An employee had placed the hose across the entrance doors so plants to the side of the entrance could be watered, and the employee covered a portion of the hose with a mat. However, the mat did not cover the entire hose, and Karen, after alighting from her van at the crosswalk,[1] stepped toward the entrance and

---

[1] The majority's claim that the yellow stripes on the ground "indicate its designation as an area where cars may drop off passengers" is not supported by the record. While the evidence shows

-1-

tripped over a portion of the hose that was not covered by the mat.[2]  She fell into the store doors and sustained severe injuries, including bone fractures to both arms, which required surgery. Unfortunately, Karen suffered a heart attack a few days later and died.  The autopsy report found that the fractures and surgery exacerbated her heart disease and thus played a causative role in her death.

Plaintiff brought this action based on two main theories, ordinary negligence and premises liability.  For the premises liability claim, plaintiff alleged that defendant and its employees owed Karen, a business invitee, a duty to provide a safe place, and breached that duty by failing to inspect for, warn of, and remedy the unreasonably dangerous condition.  For his negligence count, plaintiff alleged that defendant had a duty to act with reasonable care, including a duty not to create unreasonably dangerous conditions.  Plaintiff claimed that defendant should have known that the hose and mat posed an unreasonably dangerous trip hazard.  Defendant allegedly breached this duty by negligently placing the hose under the mat at the entrance where customers could be expected to walk.

Defendant moved for summary disposition under MCR 2.116(C)(10).  Defendant alleged that the bright green hose could be clearly seen on casual inspection and was thus open and obvious.  Further, defendant claimed that plaintiff's negligence claim was not viable because when an injury occurs due to a condition on the land, the case sounds exclusively in premises liability.

The court granted defendant's motion for summary disposition, finding that the condition was open and obvious.  After reviewing the photos and video that depicted the scene immediately before, during, and after the incident, the court found that the premises liability claim failed as a matter of law because there was no question of fact that the hose was open and obvious, as it was "clearly visible."  Further, the court concluded that there was no negligence claim on these facts as well.

---

that people did occasionally drop passengers off within this area, there is no evidence to show that the area was *designated* as a drop-off area.  Instead, the stripes are similar to what are routinely and commonly found in crosswalks, which designate an area where motorists should exercise caution because pedestrians are to cross there, in this case from the parking lot to the main entrance.

[2] The majority's statement that the hose covered 80% or "most" of the entryway "leaving a short section of hose exposed" is misleading.  The video shows that only about a third or 33% of the hose that was visible in the video was covered, but because other photos taken at the scene show that the hose spanned well beyond the view of the video camera, the actual percentage of the hose that was covered is even lower than that.  In other words, while the mat arguably may have covered 80% of the hose within a particular five- or six-foot section, this fact is misleading and irrelevant because (1) Karen was located outside this particular section and (2) the hose was visible over a much longer distance than this arbitrarily selected section.  In fact, the employee who watered the plants that day testified that he ran the hose out from the side of the building and "ran it all the way around the building" around to the front, across the entryway in question.  And because of this great length, the employee had to hook multiples hoses together.

# I. ORDINARY NEGLIGENCE CLAIM

On appeal, plaintiff first argues that the trial court erred in determining that his claims sounded solely in premises liability instead of both ordinary negligence and premises liability. Plaintiff claims that the employee's *conduct* in setting out the hose and mat proximately caused Karen's fall and, thus, the claim sounded in negligence and premises liability. Defendant counters that the claim involved a condition on the land and thus sounded exclusively in premises liability. This distinction is important because, while the open and obvious doctrine applies to premises liability claims, it does not apply to ordinary negligence claims. *Wheeler v Cent Mich Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011); see also *Jahnke v Allen*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317625, issued December 16, 2014), slip op, pp 2-3.

I concur with the majority's conclusion that the trial court properly granted summary disposition in favor of defendant on plaintiff's ordinary negligence claim because plaintiff's claim stemmed from a condition on the land and not from the employee's conduct. Of course, courts are not bound by the labels that litigants attach to their pleadings. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). Looking beyond the procedural labels, it is clear that the true nature of plaintiff's claim was that Karen was injured because of a condition on the land—specifically, a hose stretched across the ground at a store entrance. The complaint "is alleging injury by a condition of the land," instead of "the overt acts of a premises owner." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010). That the condition was created by defendant's employee did not "transform the complaint into one for negligence." *Buhalis*, 296 Mich App at 691. The claim arose from the physical state of the premises and, as such, sounded exclusively in premises liability. Thus, I agree with the majority that the trial court's dismissal of plaintiff's negligence claim was correct.

# II. PREMISES LIABILITY CLAIM—OPEN AND OBVIOUS

With respect to plaintiff's premises liability claim, he raises a single argument on appeal—plaintiff asserts that the hazard was not open and obvious and that the trial court erred in concluding otherwise.

Karen was a business invitee, and defendant owed a duty to exercise reasonable care to warn or protect her as a business invitee from unreasonable risks of harm stemming from dangerous conditions on the land. *Ghaffari v Turner Constr Co*, 473 Mich 16, 21; 699 NW2d 687 (2005); *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995). However, this duty does not require a landowner to protect an invitee from dangers that are "open and obvious." *Benton v Dart Properties*, 270 Mich App 437, 440-441; 715 NW2d 335 (2006). The rationale for the doctrine is that "there should be no liability for failing to warn someone of a risk or hazard [that] he appreciated to the same extent as a warning would have provided." *Glittenberg v Doughboy Recreational Indus, Inc*, 436 Mich 673, 683-684; 462 NW2d 348 (1990) (quotation marks omitted). Additionally, invitors "are not absolute insurers of the safety of their invitees." *Bertrand*, 449 Mich at 614.

Whether a hazard is open and obvious is preliminarily a question of law. *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1992), citing *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-97; 485 NW2d 676 (1992). A plaintiff's failure to see a hazardous condition does not eliminate the applicability of the open and obvious danger doctrine because the test is objective: the test is whether an average user of ordinary intelligence would have discovered the hazard upon casual inspection. *Watts v Mich Multi-King Inc*, 291 Mich App 98, 103; 804 NW2d 569 (2010); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993).

I agree with the majority that the average-user test must be applied from Karen's point of view, i.e., from her position where she was dropped off directly in front of the entrance. However, a review of the photos and video submitted to the trial court shows that the hose and mat are clearly visible—even from Karen's position. It is important to note that Karen tripped on the portion of the hose that was not covered or obscured by the mat. One photo attached to defendant's motion for summary disposition was taken near what would have been Karen's perspective. It shows the green hose clearly contrasting with the gray pavement, the darker gray mat with an obvious diamond pattern, and the yellow lines of the crosswalk. It is an inescapable conclusion that the hose would have been clearly visible upon casual inspection to an ordinary person with average intelligence approaching the store from Karen's perspective.[3] I would note that the majority's reliance on what certain witnesses believe the video purported to show is not appropriate. In fact, such testimony is neither probative nor admissible. See MRE 1002 (the so-called "best evidence rule," stating that "[t]o prove the content of a . . . recording . . . , the original . . . recording . . . is required . . . .") The video and photographs, which documented the events leading up to and after Karen's fall, speak for themselves.[4]

The majority has identified no reason why a person in Karen's position would not have been able to notice the hose. While the mat acted to conceal a portion of the hose, it had no effect on the vast majority of the hose that was exposed, or more importantly, it did not conceal the section of hose that Karen tripped on. The majority also suggests that the hazard was not open and obvious because the presence of the hose was "unexpected." However, the introduction of this concept in the present case is circumventing the correct, legal test. No

---

[3] The videotape also reveals that during the six minutes that the hose was not covered by the mat, 22 people walked over it without incident. During the approximately eight minutes after the mat was placed over the hose, 54 people had walked over the hose without any incident. This large amount of people being able to see and successfully navigate over the hazard, while not dispositive, nonetheless supports our holding that an average user with ordinary intelligence would have been able to appreciate the hazard upon casual inspection and avoid it.

[4] Aside from being irrelevant, the majority's reliance on the employee's statement that the mat "ma[d]e it harder to see a hose running across the entrance" is misplaced because the employee's statement was not made in relation to the *unexposed* portions of the hose; there is no dispute that the *concealed* portion of the hose was hard to see. In fact, that same employee later stated that he nevertheless could "see th[e] hose."

caselaw has established that in order to be open and obvious, a hazard must be "expected." In any event, a reasonable person approaching the Kroger store, as Karen did, would have seen the employee watering the plants in front of the store and would have been alerted to the presence of a hose. As the evidence clearly establishes, the hose was plainly visible, even from just a couple feet away; therefore, I would hold that the hazard upon which Karen tripped was open and obvious, and I would affirm the trial court's grant of summary disposition in favor of defendant on the premises liability claim.

/s/ Pat M. Donofrio