# STATE OF MICHIGAN

# COURT OF APPEALS

PETER T. MACASKILL, Personal Representative
of the ESTATE OF KAREN A. MACASKILL,

UNPUBLISHED
March 5, 2015

Plaintiff-Appellant,

V

No. 319297
Macomb Circuit Court
LC No. 2013-001126-NO

THE KROGER COMPANY and KROGER
LIMITED PARTNERSHIP,

Defendants,

and

THE KROGER COMPANY OF MICHIGAN,

Defendant-Appellee.

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

Plaintiff Peter MacAskill, as personal representative of the estate of his deceased wife Karen MacAskill, appeals by right from the trial court order that granted summary disposition in favor of defendant Kroger Company of Michigan (Kroger) on his claims of negligence and premises liability. We affirm the trial court's grant as to the negligence claim, but reverse and remand as to the premises liability claim.[1]

Defendant is a large supermarket chain that operates many stores in Michigan. On August 15, 2012, Peter drove Karen to their local Kroger to go grocery shopping. It is undisputed that Karen was a business invitee. The incident occurred at the main, but not only entrance to the store, which was served by a double-width automatic sliding door. The parking lot is gray asphalt. An area of the asphalt is marked with yellow stripes. This area is directly in

---

[1] We review de novo a trial court's grant of summary disposition. See *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007).

-1-

front of the doorway, covers the full width of the double doors, and extends out about 15 feet into the parking lot. It is marked with yellow stripes to indicate its designation as an area where cars may drop off passengers, but not park, and as the walkway into the store. Defendant agrees that this area is often used to drop off and pick up passengers, particularly customers who are older or have difficulty walking.

Peter pulled his car into the yellow-striped area to drop off Karen before he went to search for a parking space.[2] As Karen, age 69, closed the car door and turned from the car to walk toward the store entrance, she tripped on a hose that an employee had dragged across the entire width of the entryway and then partially covered with a mat.[3] She fell, suffering serious injuries that resulted in her death. Her estate brought a wrongful death suit pursuant to MCL 600.2922.

In granting defendant's motion for summary disposition, the trial court found that the partially obscured hose was an open and obvious hazard and, therefore, defendant's duty to keep the premises reasonably safe for its customers did not apply to the hose. Accordingly, the court dismissed plaintiff's premises liability claim. The trial court also rejected plaintiff's negligence claim, finding that it properly sounded in premises liability, a conclusion we must affirm in light of this Court's recent decision in *Jahnke v Allen*, ___ Mich App ___; ___ NW2d ___ (December 16, 2014; Docket No. 317625), lv pending, slip op at 2-3 ("A plaintiff cannot avoid the open and obvious doctrine by claiming ordinary negligence, when the facts only support a premises liability claim").[4]

On the date in question, Kroger kept flowers for sale all along the front wall outside the store. Just minutes before the MacAskills arrived, a manager asked a 16-year-old grocery bagger to water these flowers. The bagger had never performed that task before. He connected a hose from a spigot in the area where bottles are returned and ran it outside through a door used by

---

[2] Kroger employees testified that cars routinely pull up into that entry area so that the driver may drop off a passenger before locating an available parking spot. Defendant does not argue, at least for purposes of its summary disposition motion, that this practice is improper or unforeseeable.

[3] The events giving rise to this case were videotaped by a store security camera and have been viewed by this Court. The factual recitation herein is derived from that video and the depositions of Kroger employees.

[4] In the instant case, plaintiff's complaint contained the assertion that "employees and/or agents of Kroger . . . negligently created a hidden trip hazard by placing a hose under a mat very close to the entrance of the store . . . . [This] created an unreasonably dangerous trip hazard that Mrs. MacAskill encountered as she was simply attempting to enter the store." The complaint contained two causes of action, the first captioned "Premises Liability" and the second "Negligence." The complaint also demanded a trial by jury as guaranteed by the Article 1, §14 of the Michigan Constitution.

employees only and onto the asphalt. The hose was approximately ¾ of an inch in diameter. The bagger extended the hose to the flowers by laying it across a substantial part of the front of the store including the entire yellow-striped entryway.

After extending the hose, the bagger went inside the store and returned with a gray floor mat which he placed over a portion of the hose within the yellow-striped entryway. However, rather than covering the entire length of hose that ran across the marked entryway, he placed the mat in such a fashion as to cover approximately 80% of the hose crossing the entryway, leaving a short section of hose exposed within the entryway on either side of the mat. The bagger agreed that partially covering the hose "obviously ma[d]e it harder to see a hose running across the entrance to the store."

A few minutes later, the MacAskills pulled into the marked entryway in their minivan and Peter dropped Karen off. According to the testimony of the Kroger employee who viewed the video and photos, Karen was "close" to the hose when she got out of the front passenger seat of the minivan and took only one or two steps before tripping on the hose. This employee also testified that Karen was facing the front door when she fell and appeared to be looking where she was going. This is consistent with our viewing of the videotape.

A Kroger employee who viewed the videotape testified testified that Karen "stepped out of the vehicle, put one foot down, went to take the second step and that's when she fell." Karen suffered multiple injuries and shortly thereafter died from complications.

While we agree with the trial court that this case sounds in premises liability, we conclude that under the unusual circumstances presented here, there is a question of fact whether the hazard was open and obvious, i.e., "whether a reasonable person in plaintiff's position" would have seen and avoided the hose.[5] *Watts v Michigan Multi-King, Inc*, 291 Mich App 98, 102-103; 804 NW2d 569 (2010); *Slaughter v Blarney Castle*, 281 Mich App 474, 479; 760 NW2d 287 (2008).

It cannot be seriously disputed that it would be unexpected to encounter a garden hose on the walkway into a supermarket. We find no cases involving similar circumstances and this case bears no resemblance to the many cases in which a plaintiff failed to keep watch for routinely

---

[5] The test is what a reasonable person would have observed and done upon exiting a vehicle in the location from which the MacAskill vehicle was located. Accordingly, we have not considered whether she had any personal limitations on her ability to observe, but only the limits faced by anyone exiting a car at that particular position. The dissent observes that other store patrons did not trip on the hose, though conceding that this is not dispositive. Critically, all of those individuals approached the entryway from a far greater distance thereby allowing observation over a much wider space and for a far longer time than anyone actually situated in this plaintiff's position, which defendant concedes was a proper point of exit from a vehicle. Notably, the trial court never concluded that the hose would be readily apparent to someone in *plaintiff's position*, stating rather that "[t]he hose is clearly visible *from a substantial distance away*" a position that plaintiff was never in.

present conditions such as potholes or ice on cold days. See, e.g., *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012). Such conditions present daily hazards in Michigan. *Id*. at 454. And, even if a hose, fully exposed in such an inappropriate location, would be considered open and obvious, such a conclusion cannot be reached as a matter of law where the portion of the hose in the entryway was largely camouflaged by the mat that covered most, but not all of it.

We affirm the dismissal of plaintiff's negligence claim, but reverse and remand for trial on the premises liability claim. We do not retain jurisdiction.


/s/ Karen Fort Hood
/s/ Douglas B. Shapiro

-4-