# STATE OF MICHIGAN

# COURT OF APPEALS

JOANNE NEIL,

Plaintiff-Appellant,

v

HELICON DEVELOPMENT, LLC, and
PEGASUS GREEKTOWN, INC., doing business
as PEGASUS TAVERNA IN GREEKTOWN,

Defendants-Appellees.

UNPUBLISHED
October 16, 2018

No. 338186
Wayne Circuit Court
LC No. 15-002645-NO

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Plaintiff appeals by right an order granting summary disposition to defendants in this premises liability action. We affirm.

On appeal, plaintiff argues that there are genuine issues of material fact regarding whether the slippery condition of the floor in defendants' restaurant, Pegasus Taverna, was open and obvious, whether defendants actively caused the floor's condition, and whether defendants had constructive notice of the condition. We disagree.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court relied on MCR 2.116(C)(10) to grant defendants' motion for summary disposition. This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties fails to establish a genuine issue of a material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). A genuine issue of material fact exists if after viewing the record in a light most favorable to the nonmoving party, reasonable minds could differ on an issue. *West v Gen Motor Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court reviews only the evidence that was presented at the time the motion was decided, *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009), which, under MCR 2.116(C)(10), includes affidavits, pleadings, depositions, and other evidence that the parties submitted, *Innovation Ventures*, 499 Mich at 507. Additionally, the evidence must be viewed in a light most favorable to the party opposing the motion. *Gorman*, 302 Mich App at 115.

-1-

In order to successfully advance a premises liability claim, the plaintiff must prove: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Properties, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). In this case, plaintiff has the legal status of an invitee because she was on defendants' premises for a commercial purpose. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000). A landowner owes a duty to invitees to exercise reasonable care to protect the invitee from unreasonable risk of harm caused by a dangerous condition on the property. *Watts v Michigan Multi-King, Inc*, 291 Mich App 98, 102; 804 NW2d 569 (2010). That duty of care is breached when the landowner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).

An essential element of a premises liability action is the landowner's knowledge of the alleged hazardous condition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 3, 12; 890 NW2d 344 (2016). The landowner must have had either actual or constructive notice of the dangerous hazardous condition at issue. *Id*. at 9-10. Further, the defendant need not go beyond showing the insufficiency of the plaintiff's evidence and is not required "to present evidence of a routine or reasonable inspection . . . to prove a premises owner's *lack* of constructive notice of a dangerous condition on its property." *Id*. (emphasis added). Plaintiff seemingly concedes in her brief on appeal that defendants did not have actual notice of the floor's greasy condition. Therefore, plaintiff must demonstrate that there is a question of fact as to whether the greasy condition of the floor was of such a character or existed for a sufficient length of time that defendants had constructive notice. *Id*. at 11.

In *Lowrey*, the plaintiff brought a premises liability action against the defendant after she slipped on a wet stair in the defendant's diner. *Id*. at 4. Our Supreme Court held that the plaintiff failed to present sufficient evidence to create a question of fact as to whether the defendant had constructive notice because the plaintiff failed to proffer any evidence concerning the character of the hazardous condition or when the condition arose. *Id*. at 12. Specifically, our Supreme Court found that the "plaintiff's assumption that the stairs must have been wet because her pants were wet after her fall [did] not support any particular conclusion concerning the character of the condition." *Id*.

Plaintiff fails to present evidence to create a question of fact as to whether defendants had constructive notice of the greasy floor because she proffers no evidence as to the length of time that the hazard was present, or that the floor was of such a character that defendants should have been aware of it. See *id*. at 11-12. While plaintiff presented evidence that the last significant cleaning occurred approximately nine hours before plaintiff's fall, she did not present any evidence regarding the duration of the grease's presence on the floor. Evidence of the last significant cleaning is not evidence of when the floor became greasy. Further, there is no evidence that other customers or employees complained of a slippery floor, which would support the conclusion that the grease that caused plaintiff's fall had not been present for the entire day. In addition, plaintiff's reliance on John Klockow's opinion as to what created the greasy residue is not evidence as to when the floor became greasy.

Nor does Klockow's opinion support plaintiff's argument that defendants actively caused the floor to become greasy because they failed to thoroughly mop the floor: Klockow's opinion is mere speculation. Plaintiff presented no evidence that the floor near the dessert counter was mopped that day or that there was even a need to mop the dessert counter area. Plaintiff also fails to present any evidence that the condition was such that defendants should have had notice of it. In fact, plaintiff fails to offer any evidence that there actually was grease on the floor. Furthermore, plaintiff testified that she believed that she slipped on the floor because defendants tried to make old tiles look new, conceding that she did not even slip on a greasy floor.

The only possible evidence that plaintiff presented regarding how long the grease was on the floor is Klockow's near fall, which occurred almost simultaneously with plaintiff's fall. It would have been impossible for defendants to have discovered the grease on the floor in between Klockow's near fall and plaintiff's fall. Even still, plaintiff failed to proffer any other evidence to demonstrate when the hazardous condition arose. Consequently, plaintiff cannot demonstrate that grease spilled onto the floor nine hours before she fell or 30 seconds before. Accordingly, there is no genuine issue of material fact regarding defendants' constructive notice of the slippery floor.

Because there is no question of fact as to whether defendants had constructive notice of the floor's greasy condition, this Court need not address plaintiff's argument concerning whether the hazard was open and obvious. *Lowrey*, 500 Mich at 12 n 3.

We affirm. As the prevailing party, defendants may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica