*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA GRUNAU,

      Plaintiff-Appellant,

v

EAST LANSING ATHLETIC CLUB, INC., doing
business as SPARROW MICHIGAN ATHLETIC
CLUB,

      Defendant-Appellee.

UNPUBLISHED
April 14, 2022

No. 356233
Ingham Circuit Court
LC No. 19-000911-NO

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(8) and (C)(10). We affirm.

## I. FACTS

In January 2019, plaintiff went to the Sparrow Michigan Athletic Club (the "MAC") to attend a water exercise class. Plaintiff went to the women's locker room to change into her swimsuit, and as she was leaving the locker room, several women were standing in the path she previously took to go to her locker. Plaintiff took another path out of the locker room, and while she was walking out, she saw a wet spot on the carpeted floor that she believed was water. Plaintiff stepped on the wet spot, slipped, and fell. After she fell, plaintiff saw a bucket underneath the benches with a small amount of a brown, greasy liquid in it. An MAC employee informed plaintiff that the liquid on the floor was antifreeze, which had leaked from a rooftop unit, through the ceiling and into the locker room.

Plaintiff filed a complaint against defendant, alleging claims of premises liability and negligence. Defendant sought summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Through a well-reasoned opinion and order, the trial court granted the motion, and this appeal followed.

## II. ANALYSIS

-1-

## A. STANDARD OF REVIEW

"This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018). Under MCR 2.116(C)(8), summary disposition is appropriate when "[t]he opposing party has failed to state a claim on which relief can be granted." The trial court must accept all factual allegations in the pleadings as true and consider the pleadings alone. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. Under MCR 2.116(C)(10), summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." This Court must consider the "pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks, citation, and alteration omitted).

## B. DISMISSAL OF NEGLIGENCE CLAIM

Plaintiff argues that the trial court erred by dismissing her negligence claim under MCR 2.116(C)(8) on the basis that the claim sounds in premises liability.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). "Instead, an action should be determined by reading the entire complaint, looking beyond procedural labels, and determining the exact nature of the claim." *Pugno*, 326 Mich App at 13. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis*, 296 Mich App at 692. A plaintiff may bring a claim of ordinary negligence for the overt acts of a premises owner that occur on his or her premises. *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010). However, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence . . . ." *Id*.

Despite their headings, plaintiff's two counts were based in premises liability because each alleged that plaintiff's injury occurred because of a condition on the land, the wet spot on the carpeted floor, rather than defendant's conduct. See *Buhalis*, 296 Mich App at 692. Therefore, the two counts in plaintiff's complaint sound solely in premises liability, and the trial court properly dismissed her ordinary negligence claim pursuant to MCR 2.116(C)(8).

## C. OPEN AND OBVIOUS DANGER

We also reject plaintiff's argument that the trial court erred by granting summary disposition of her premises liability claim on the basis that the wet spot on the floor was an open and obvious condition.

Plaintiff was an invitee at the MAC because she was there as a gym member to use the exercise equipment at the gym. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 592, 597; 614 NW2d 88 (2000) ("[I]nvitee status is commonly afforded to persons entering upon the property of another for business purposes."). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). See also *Estate of Livings v Sage's Investment Group LLC*, 507 Mich 328, 337-338; 968 NW2d 397 (2021). This duty is breached if a premises possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). "Absent special aspects, this duty does not extend to open and obvious dangers." *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). In addition, a plaintiff must establish the elements of ordinary negligence in a premises liability action: that the defendant owed the plaintiff a duty, the defendant breached that duty, the defendant's breach proximately caused plaintiff's injury, and the plaintiff suffered damages. *Id*.

A dangerous condition is open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. This is an objective standard. *Lugo*, 464 Mich at 517. As a result, "[t]his Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007). Although a wet spot on a floor is not always open and obvious, it may be open and obvious if it is visible to a reasonable person upon casual inspection. *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 104; 804 NW2d 569 (2010) (rejecting the argument that a wet floor is always open and obvious regardless of its visibility, and indicating that water on the floor may be open and obvious if discoverable upon casual inspection).

The wet spot on the floor upon which plaintiff slipped was open and obvious because a person of ordinary intelligence could have reasonably discovered it upon casual inspection. *Hoffner*, 492 Mich at 461. Indeed, plaintiff admitted during her deposition that the wet spot on the floor was readily observable and that she saw it before she stepped on it and proceeded to step on it knowing it was there. There is no evidentiary dispute that the wet spot on the floor had a coloration that made it stand out to a casual observer. That plaintiff thought this wet spot was water, and *subjectively* believed it would not pose a danger, is irrelevant because the wet spot on the floor was reasonably discoverable upon casual inspection to a person of ordinary intelligence. See *id*.

Nor was the wet spot on the floor a special aspect taking this case out of the open and obvious doctrine. "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. To prevent the application of the open and obvious danger doctrine, special aspects must make the condition either (1) effectively unavoidable, or (2) unreasonably dangerous such that special aspects impose an unreasonably high risk of severe harm. *Estate of Livings*, 507 Mich at 338-339; *Kennedy*, 274 Mich App at 716. An unreasonably dangerous hazard is a hazard that is more than "theoretically or retrospectively

dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472.

Nothing in the evidence about the wet spot on the carpeted floor raised an issue of material fact as to whether it was unreasonably dangerous. Plaintiff did not present any evidence demonstrating that the antifreeze on the floor presented an unreasonably high risk of severe harm or death. The only evidence plaintiff presented was that the wet spot was "greasy," which is insufficient to demonstrate an unreasonably high risk of severe harm or death. See *Lugo*, 464 Mich at 518. Further, that the wet spot was theoretically or retrospectively dangerous is insufficient to demonstrate that the wet spot was unreasonably dangerous. *Hoffner*, 492 Mich at 472. The trial court did not err in concluding that, because the wet spot on the floor was open and obvious, defendant did not have a duty to warn plaintiff of its existence.

Plaintiff additionally sets forth the unpreserved argument that the open and obvious danger doctrine should be abolished. We reject this argument for several reasons, both procedural and substantive. Procedurally, we first emphasize that the argument is unpreserved as it was not raised in the trial court. Second, plaintiff offers relatively no law supporting the argument, and to the extent she cites some case law, it does not support her position. Third, we are bound by the rules of stare decisis to follow this doctrine as applied in previous decisions of the Supreme Court. See *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006); MCR 7.215(C)(2).

Substantively, even if we address this unpreserved argument, each of plaintiff's arguments are simply incorrect. First, the open and obvious danger doctrine is not contrary to public policy. Though plaintiff cites no law in support of her position, multiple Michigan Supreme Court cases state that the open and obvious danger doctrine is in alignment with the "the overriding public policy of encouraging people to take reasonable care for their own safety [which] precludes imposing a duty on the possessor of land to make ordinary steps foolproof." *Lugo*, 464 Mich at 522 (quotation marks omitted), quoting *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995). This public policy is in place "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 461. This common law policy has existed in Michigan for more than a century, see *Caniff v Blanchard Navigation Co*, 66 Mich 638; 33 NW 744 (1887) and *Lugo*, 464 Mich at 528 (CAVANAGH, J., concurring)(Citing *Caniff* and recognizing that "recovery has been barred in premises liability cases involving open and obvious dangers for at least a century."), and plaintiff has offered no sound reason to overturn that sound policy now, even if we could do so.

Second, plaintiff's argument that the open and obvious danger doctrine takes factual decisions away from the fact-finder ignores the fact that the existence of a duty is a question of law for the court to decide, *Hill v Sears Roebuck and Co*, 492 Mich 651, 659; 822 NW2d 190 (2012), and ignores that this common-law doctrine directly asks the fact-finder to determine whether a reasonable person in plaintiff's position would have foreseen the danger. *Kennedy*, 274 Mich App at 713. This is by definition a factual determination that the trier of fact must make *when material facts are disputed*.

Third, the open and obvious danger doctrine is not a form of contributory negligence and does not frustrate the purpose of comparative fault. The Supreme Court directly rejected this argument in *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95; 485 NW2d 676 (1992)

(quotation marks and citation omitted), where the Court stated, that "[t]he Court of Appeals incorrectly determined that the no duty to warn of open and obvious danger rule is inconsistent with comparative negligence and should be abolished. The adoption of comparative negligence in Michigan does not abrogate the necessity of an initial finding that the premises owner owed a duty to invitees." Thus, any argument that the open and obvious doctrine is inconsistent with comparative negligence ignores *Riddle* and the distinction between duty and liability.

Finally, although plaintiff argues that the rationale for granting landowners immunity for injuries from obvious dangers dates back to feudal England and is therefore outdated, there are other public policy considerations that support the open and obvious danger doctrine, as discussed above, including encouraging people to take reasonable care for their own safety when on another's property. See, e.g., *Lugo*, 464 Mich at 522.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien