*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY TYLER,

      Plaintiff-Appellee,

v

BOB EVANS RESTAURANTS, LLC,

      Defendant-Appellant,

and

PATRICK'S PLUMBING, INC.,

      Defendant.

UNPUBLISHED
November 22, 2022

No. 358892
Genesee Circuit Court
LC No. 20-114436-NO

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

In this premises liability action, defendant[1] appeals on leave granted[2] the trial court order denying defendant's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. FACTS

In August 2017, plaintiff arrived at defendant's restaurant within 10 minutes of its 7:00 a.m. opening. Within five minutes of arriving, plaintiff went to the restroom. To get to the stalls and urinals, plaintiff took a sharp right turn after entering the restroom door. After making the turn, plaintiff stepped in a puddle of water, slipped, and fell. Plaintiff did not see any water on the restroom floor until after he fell. Plaintiff described the puddle as a pool of standing water rather

---

[1] Defendant Patrick's Plumbing, Inc., did not participate in this appeal. All references to "defendant" refer to Bob Evans Restaurants, LLC.

[2] *Tyler v Bob Evans Restaurants, LLC*, unpublished order of the Court of Appeals, entered January 12, 2022 (Docket No. 358892).

than just wetness from a mop. The standing water was located in a six- or seven-foot area of the floor and completely soaked plaintiff's clothes after he fell. Plaintiff informed the hostess, Dorothy Bakos, about his fall, and she stated that the restaurant had not been mopped that morning. When plaintiff returned to the restroom with Bakos to investigate, he noticed that a pipe was missing from a urinal. Bakos testified during her deposition that when she viewed the restroom after plaintiff's fall, the restroom floor was visibly wet. Plaintiff testified that Bakos informed her shift manager of plaintiff's fall and the condition in the restroom. After investigating the restroom, the shift manager told plaintiff that a plumber was there making repairs.

Plaintiff filed a complaint against defendant, alleging claims of negligence and nuisance. Defendant sought summary disposition under MCR 2.116(C)(10). The trial court denied the motion, and this appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred by denying defendant's motion for summary disposition because the condition was open and obvious, there existed no special aspects that rendered the condition unreasonably dangerous or effectively unavoidable, and defendant had no notice of the condition. We agree with the trial court's conclusion that a genuine issue of material fact exists as to whether the condition was open and obvious.

## A. STANDARD OF REVIEW

"This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion "under MCR 2.116(C)(10) tests the factual sufficiency of a claim . . . ." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Under MCR 2.116(C)(10), summary disposition is proper when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We consider "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018) (quotation marks and citation omitted). "[W]hen the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Hoffner*, 492 Mich at 459.

## B. GOVERNING LAW

To establish a claim of premises liability, a plaintiff must prove the elements of ordinary negligence: the defendant owed the plaintiff a duty, the defendant breached that duty, the defendant's breach proximately caused the plaintiff's injury, and the plaintiff suffered damages. *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019).

"[A] premises possessor owes a duty to an invitee[3] to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A premises possessor breaches this duty when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner*, 492 Mich at 460. Absent special aspects making the condition unreasonably dangerous, this duty does not extend to open and obvious dangers. *Lugo*, 464 Mich at 517.[4]

## C. OPEN AND OBVIOUS DANGER

Defendant argues that the trial court erred by denying summary disposition because there was no genuine issue of material fact concerning whether the water's presence on the floor was open and obvious. We disagree.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. This standard is an objective one. *Id*. Accordingly, we examine "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). "[I]f the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d 185 (1995). A wet spot on a floor may be open and obvious if it is visible upon casual inspection by a reasonable person, but it is not *always* open and obvious. *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 104; 804 NW2d 569 (2010).

When viewing the evidence in a light most favorable to plaintiff, there is a question of fact concerning whether the water on the restroom floor was open and obvious. Plaintiff stated in his deposition that he had to take a sharp right turn to get to the stalls and urinals and because of that,

---

[3] It is undisputed that plaintiff was a business invitee because he was on defendant's premises as a restaurant customer. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000).

[4] Plaintiff labeled his claim against defendant as "negligence," but this label is not binding. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012) ("Courts are not bound by the labels that parties attach to their claims."). Rather, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted). An action sounds in premises liability rather than ordinary negligence "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, . . . even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. at 692. In his complaint, plaintiff alleged that he was injured as a result of a hazardous condition on premises possessed by defendant. Thus, the substance of plaintiff's allegations indicates that his action sounds in premises liability.

he did not see any water on the floor before falling. When asked if he could have seen the water if he looked down, plaintiff admitted he may have seen it if he had a longer walk after he turned into the restroom. However, a wet spot on the floor is not automatically open and obvious merely because it is visible. See *Watts*, 291 Mich App at 104. And plaintiff's testimony that he would have seen the wetness had he looked down does not amount to no genuine issue of material fact that the condition would have been discovered upon casual inspection. *Hoffner*, 492 Mich at 461. Bakos testified during that she saw the floor was visibly wet. However, Bakos did not see the water on the restroom floor until after plaintiff informed her of his fall. Because Bakos intended to discover what caused plaintiff's fall when she inspected the restroom floor, her inspection was not "casual." See *id*.

Photographs of the restroom entrance support the conclusion that the water could not have reasonably been discovered upon casual inspection. Any person walking through the restroom door immediately confronted a wall, requiring the person to make a 90-degree right turn to get to the stalls. Common experience and intuition suggest that the average person is likely looking forward as they walk, not peering around the edge of the door to see the general layout before walking through the threshold. When looking directly forward while walking, as one ordinarily does, the average person would see the walls of the restroom and, after turning, the dividing wall and the restroom stalls. Unless the person had some reason to look down at their feet while walking, a reasonable finder of fact could conclude that the average person would likely only notice the walls and restroom stalls. With this type of restroom layout, a finder of fact could conclude that it would be reasonable for an individual to overlook a puddle on the floor before actually stepping in it.[5]

Affirmed.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

---

[5] In light of our conclusion that a question of fact exists pertaining to whether the condition was open and obvious, we decline to address defendant's additional argument that there were no special aspects of the hazard which rendered the open and obvious doctrine inapplicable.