O'DONNELL v GARASIC

Docket No. 241341. Submitted November 4, 2003, at Detroit. Decided December 9, 2003, at 9:05 A.M. Leave to appeal sought.

Beth O'Donnell brought an action in the Berrien Circuit Court agianst Charles B. Garasic and Elizabeth Thomas-Garasic, seeking damages for injuries sustained in a fall at the defendants' inn. The court, Lynda A. Tolen, J., granted summary disposition in favor of the defendants, finding that the dangerous condition of the stairs, stairway, and loft involved in this matter was open and obvious. The plaintiff appealed.

The Court of Appeals *held*:

The dangers associated with the stairs, staircase, and the loft were open and obvious. However, the panoply of inadequacies in the aggregate, coupled with the necessary use of the stairs, stairway, and the loft in their dangerous state, constituted special aspects creating an issue of fact for the jury regarding whether the risk of harm was unreasonable. In addition, the specific statutory duty imposed on the defendants by MCL 554.139(1)(a) and (b) preempts the application of the open and obvious danger doctrine at the summary disposition stage to defeat the plaintiff's liability claim predicated on defective residential premises.

Reversed and remanded.

1. NEGLIGENCE — PREMISES LIABILITY — INVITEES — OPEN AND OBVIOUS DANGERS.

A premises possessor generally is not required to protect an invitee from an open and obvious danger on the premises; however, if special aspects of the condition differentiate the risk from typical open and obvious conditions, an issue of fact is created regarding whether the risk of harm presented by the condition is unreasonable despite being open and obvious.

2. NEGLIGENCE — PREMISES LIABILITY — STATUTORY DUTIES — OPEN AND OBVIOUS DANGERS.

Owners of leased residential property are obligated by statute to maintain their premises in reasonable repair and in compliance with health and safety laws of the state and local government for the protection of invitees or licensees; the open and obvious dan-

ger doctrine is not available to deny liability to an injured invitee or licensee on leased or licensed residential premises when such premises present a material breach of the specific statutory duty imposed on owners of residential property to maintain their premises in reasonable repair and in accordance with health and safety laws (MCL 554.139[1][a],[b]).

*Bredell and Bredell* (by *John H. Bredell*) for the plaintiff.

*Jonathan Shove Damon* for the defendants.

Before: WHITBECK, C.J., and ZAHRA and DONOFRIO, JJ.

DONOFRIO, J. Plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants in this premises liability action. Plaintiff was injured when she fell down a flight of stairs as she attempted to traverse them in the dark while spending the night at defendants' inn. Plaintiff argues that defects in the stairs, stairway, and loft were not open and obvious, that there were "special aspects" of the condition that created an unreasonable risk of harm, that defendants violated standards of the Building Officials & Code Administrators International, Inc. (BOCA), and that the premises were not fit for the purposes intended. After reviewing the record we find the dangers associated with the stairs, staircase, and loft were open and obvious. But we find that the panoply of inadequacies in the aggregate, coupled with the necessary use of the stairs, stairway, and loft in their dangerous state, constitutes special aspects creating an issue of fact for the jury regarding whether the risk of harm was unreasonable. Plaintiff introduced alleged BOCA code violations to be considered as both special aspects for avoidance of the open and obvious danger doctrine and as support for the pro-

position that the rented premises were unfit for the purposes intended. The specific statutory duty imposed upon defendants by MCL 554.139(1)(a) and (b) preempts the application of the open and obvious danger doctrine at the summary disposition stage to defeat plaintiff's liability claim predicated on defective residential premises. The grant of summary disposition for defendants was therefore inappropriate. We reverse and remand.

FACTS

Plaintiff and her friends rented a resort cabin owned by defendants. Plaintiff and other women stayed in a cabin where one of the beds was in a sleeping loft that had a low ceiling preventing adults from standing erect. The sleeping loft looked over the main floor of the cabin, and had a guardrail enclosing most of the open side of the loft. In between the guardrail and a wall was an opening where a set of narrow stairs connected the main floor to the loft. There was an upright pillar demarcating the end of the guardrail. The width of the stairs was narrower than the opening accommodating the stairway leaving an unguarded space at the edge of the stairs or stringer adjacent to the upright pillar. A tree branch was attached to the wall serving as a railing on one side of the stairs. The other side of the stairs was open from where it met the loft and extended to the last step at the floor. The loft was equipped with a light above the stairs that was activated by a downstairs switch. There was no matching light switch at the top of the stairs. There was a lamp located next to the bed in the loft.

After an evening spent in the cabin, when plaintiff was ready to retire to bed, she ascended the stairs to the loft and crawled into bed. The staircase was illuminated as she climbed the stairs. Once plaintiff got into bed, her roommate turned the bedside lamp off. A few hours later plaintiff awoke to use the bathroom. The overhead light had been switched off and the cabin was dark. Plaintiff got up, did not turn the bedside lamp on, and walked toward the stairs in the dark in a hunched-over fashion. Plaintiff reached the stairway opening and put her left hand on the wall and her right hand on an upright pillar that marked the edge of the loft guardrail. She then stepped down with her left foot onto the first step, searched for the second step with her right foot, but stepped into space and fell to the floor. She suffered serious injury.

STANDARD OF REVIEW

"A trial court's grant or denial of summary disposition under MCR 2.116(C)(10) is reviewed de novo on appeal." *Liberty Mut Ins Co v Michigan Catastrophic Claims Ass'n*, 248 Mich App 35, 40; 638 NW2d 155 (2001). "A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim." *Universal Underwriters Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). "Affidavits, pleadings, depositions, admissions, and documentary evidence are considered in reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), and the evidence is viewed 'in the light most favorable to the party opposing the motion.'" *Universal Underwriters, supra* at 720, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "Summary disposition is

proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Universal Underwriters, supra* at 720.

ANALYSIS

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Hampton v Waste Mgt of Michigan, Inc*, 236 Mich App 598, 603; 601 NW2d 172 (1999). "The status of a person on land that the person does not possess will be one of the following: (1) a trespasser, (2) a licensee, or (3) an invitee." *Id.* An invitee is one who enters the land of another for a commercial purpose on an invitation that carries with it an implication that reasonable care has been used to prepare the premises and to make them safe. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000).

Here, plaintiff was an invitee because she was on defendants' premises for a commercial purpose. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). "With the axiom being that the duty is to protect invitees from *unreasonable* risks of harm, the underlying

principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614; 537 NW2d 185 (1995). The duty does not generally encompass removal of open and obvious dangers. *Lugo, supra* at 516. A condition is open and obvious if it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual inspection. *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 10; 574 NW2d 691 (1997). "[O]nly those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Lugo, supra* at 519. The *Lugo* Court illustrated that special aspects of a condition would include an unguarded thirty-foot-deep pit in the middle of a parking lot and standing water at the only exit of a commercial building resulting in an unavoidable condition because no alternative route is available. *Id.* at 518, 520.

I

Plaintiff argues that the defects in the stairs were not open and obvious because inn patrons would not be able to see them as they moved from the loft level to the main floor using the only staircase in the dark. The trial court found as follows on this issue:

> The Plaintiff knew of the condition prior to going up there that night. She had walked up it. She was aware that there was not the desired dual light switch, and so that she was aware that unless she turned on the light next to her or the light was left on from below that there would not be

light on the stairway. So I think Plaintiff loses on the question of open and obvious.

As noted above, the test here is an objective one. A condition is open and obvious if it is reasonable to expect an average person of ordinary intelligence to discover the danger upon casual inspection. *Hughes, supra* at 10.

We find that an average person of ordinary intelligence would notice upon casual inspection the overall layout of the stairway, including the narrow and steep stairs, their relationship to the low-ceilinged loft, the open, unguarded area between the loft guard-rail and the edge of the steps, the open-sided staircase, the limited tree branch fashioned into a handrail, and the lack of a light switch at the top of the stairs. Plaintiff's argument that these dangers were unknown to her because of the darkness is not persuasive. Plaintiff viewed the stairs and the loft when she was on the main floor of the cabin earlier in the evening when the overhead light was illuminated, and plaintiff traversed the stairs when she retired to bed. Plaintiff had ample opportunity to take note of the apparent dangers.

Plaintiff admits that even in the dark she knew the location of the stairway because she was safely able to find her way to the stairs, locate the wall with her left hand, locate the pillar from the guard rail with her right hand, and locate the first step of the stairway with her left foot. Our review of the record reveals that reasonable minds could not differ regarding the open and obvious risk associated with the stairs, stairway, and loft. The stairs, stairway, and loft at issue presented a condition that, upon casual

inspection, an average person of ordinary intelligence would discover any associated danger.

II

Plaintiff next argues that a genuine issue of material fact exists regarding whether the dangers associated with the use of the stairs, loft, and stairway had "special aspects" that differentiated the risks from typical open and obvious conditions, thereby creating an issue of fact for the jury regarding whether the risk of harm was unreasonable. Plaintiff alleges that the height and steepness of the stairs, the layout of the low-ceilinged loft, including the opening between the guardrail and the stair tread, open-sided staircase, inadequate stair rail, and lack of a light switch at the top of the stairs, when considered together, are special aspects giving rise to a uniquely high likelihood of harm from falling to the hardwood floor below, and therefore remove the condition from the open and obvious danger doctrine. We agree.

In support of her argument, plaintiff relies heavily on *Woodbury v Bruckner (On Remand)*, 248 Mich App 684; 650 NW2d 343 (2001). In *Woodbury*, the plaintiff sustained injuries after she fell from a rooftop porch outside her second-floor apartment. This Court held that the rooftop porch, which did not have guardrails, possessed special aspects differentiating its risk from typical open and obvious conditions and therefore created an issue of fact regarding whether a risk of harm was unreasonable. The *Woodbury* Court, after applying *Lugo, supra*, stated:

> "In view of the absence of guardrails, the height of the roof-top porch, and the inherent dangerousness of the con-

dition, we conclude that a genuine issue of fact exists as to whether the risk of plaintiff falling from the roof remained unreasonable."

For these reasons, we hold that there are sufficient "special aspects" inherent in the unguarded rooftop porch to permit a jury to find the condition to be unreasonably dangerous despite being open and obvious. [*Id.* at 694, quoting the prior unpublished opinion per curiam of the Court of Appeals in that matter.]

We find *Woodbury* instructive. In *Woodbury*, the second-story rooftop porch was completely unguarded. The plaintiff stepped out onto the rooftop porch. As she was shaking out rugs, she lost her balance and fell to the ground, suffering severe injuries. *Id.* at 686-688. Like the thirty-foot unguarded pit example used in *Lugo*, the only way for Woodbury to avoid injury in the face of an unguarded second-story porch was simply not to fall.

While *Woodbury* describes a completely unguarded porch of significant height, the loft in this case is only partially unguarded. But in addition to the incomplete guardrail, there are several other design and layout factors we must consider: an open unguarded area existed between the loft guardrail and the edge of the steps; the stairway was unguarded on the open side opposite the wall; the stair treads were irregularly narrow; the stairs were unusually steep and the risers were of insufficient height; the handrail was an uneven tree branch that did not extend the length of the stairs; the loft had a low ceiling that forced adults to walk in an unnatural manner; and the stairway lacked a light switch at the top of the stairs.

Although we acknowledge that the wall and the handrail provided the user with a means of avoiding injury when traversing the stairs, the totality of the

circumstances surrounding the staircase and loft, when considered in the light most favorable to the plaintiff, made the stairs unreasonably dangerous even when used with reasonable and ordinary care. Unlike in *Woodbury*, there was a means of avoiding injury, but the means were inadequate. And considering that this stairway was the only means of egress from the loft area to the main floor of the cabin, we find that the presented factors, taken together, constituted "special aspects" differentiating the risk that the loft and stairway posed from typical open and obvious conditions. It is the aggregate of factors that the trial court must analyze to determine if there are special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided. The analysis the trial court is to employ is qualitative, and not a pedantic stringing together of noncausal factors or factors unrelated to the condition itself.

III

Plaintiff further argues that the stairs, stairway, and loft presented an unreasonable risk of harm because they were not in compliance with the BOCA building code. We recognize that a violation of a building code may be some evidence of negligence. *Summers v Detroit*, 206 Mich App 46, 51-52; 520 NW2d 356 (1994). Not all BOCA code violations will support a special-aspects factor analysis in avoidance of the open and obvious danger doctrine. The critical inquiry is whether there is something unusual about the stairs, stairway, and loft because of their character, location, or surrounding conditions that gives rise to an unreasonable risk of harm. *Bertrand, supra* at

617. "If the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide." *Id.* BOCA code violations have been alleged in this case, but have not been established in the record. The trial court on remand is charged with the responsibility of addressing the alleged violations as part of its analysis.

IV

Finally, plaintiff argues, "[t]his loft was NOT in a condition fit for the resort purposes for which it was intended, and was not in reasonable repair." We review this argument in light of *Woodbury's* evolution. Following this Court's published opinion in *Woodbury (On Remand)*, on second application for leave to appeal to the Michigan Supreme Court, the Supreme Court ordered:

> In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for a determination whether the defendants violated the "reasonable repair" requirement of MCL 554.139 (1)(b). MCR 7.302 (F)(1). The open and obvious doctrine cannot be used to avoid a specific statutory duty. *Jones v Enertel, Inc*, 467 Mich 266, 270 (2002). If necessary, the Court of Appeals may, while retaining jurisdiction, remand the case to the trial court for resolution of any factual dispute regarding the applicability of MCL 554.139(1)(b). [*Woodbury v Bruckner*, 467 Mich 922 (2002).]

Because of the existence of genuine issues of material fact, this Court then remanded the action to the trial court for a trial on the issue of breach of statutory duties.

Here, because plaintiff alleges that the rented premises were unfit and not in reasonable repair, we address the statute. MCL 554.139(1) provides:

> In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located . . . .

Therefore, owners of leased residential property are obligated by statute to maintain their premises in reasonable repair and in compliance with health and safety laws of the state and local government for the protection of invitees or licensees. Regardless of the duty imposed by the statute, defendants here would interpose the open and obvious danger doctrine as a bar to plaintiff's liability claim.

In *Jones v Enertel, Inc,* 467 Mich 266; 268-269; 650 NW2d 334 (2002), the Court discussed the interrelationship between an affirmative statutory duty owed by the premises owner to an invitee or licensee and the application of the open and obvious danger doctrine. There, a municipality sought to interject the open and obvious danger doctrine to vitiate its liability to a plaintiff injured on a defective sidewalk. After quoting MCL 691.1402(1) the Court stated:

> The emphasized language places a duty on municipalities to maintain their sidewalks on public highways in reasonable repair. This means that municipalities have an obligation, if necessary, to actively perform repair work to keep such sidewalks in reasonable repair. This is a greater duty than the duty a premises possessor owes to invitees under

common-law premises liability principles. The basic duty owed to an invitee by a premises possessor is "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001). Accordingly, as we discussed in *Lugo*, this duty does not generally require a premises possessor to remove open and obvious conditions because, absent special aspects, such conditions are not unreasonably dangerous precisely because they are open and obvious. However, such reasoning cannot be applied to the statutory duty of a municipality to maintain sidewalks on public highways because the statute requires the sidewalks to be kept in "reasonable repair." The statutory language does not allow a municipality to forego such repairs because the defective condition of a sidewalk is open and obvious. Accordingly, we conclude that the open and obvious doctrine of common-law premises liability cannot bar a claim against a municipality under MCL 691.1402(1). [*Jones, supra* at 268-269.]

The open and obvious danger doctrine is not available to deny liability to an injured invitee or licensee on leased or licensed residential premises when such premises present a material breach of the specific statutory duty imposed on owners of residential properties to maintain their premises in reasonable repair and in accordance with the health and safety laws, as provided in MCL 554.139(1)(a) and (b).

Like in *Woodbury, supra,* the issue of a statutory duty exception to the open and obvious danger doctrine is appropriate subject matter for discussion and development. Other than raising an argument that the premises were unfit for the purposes intended, the issue of statutory duty was neither briefed nor argued by the parties. Because a statutory duty exception or avoidance of the open and obvious danger doctrine

requires both factual and legal development, on remand we direct the parties and the court to reach the issue in accordance with applicable law.

CONCLUSION

A premises liability claim focuses on defective conditions on the premises. Analysis of the claim necessarily implicates the open and obvious danger doctrine. The open and obvious danger doctrine as a bar to the claim is avoided by a finding of special aspects creating an unreasonable risk of harm. The application of the open and obvious danger doctrine may additionally be avoided in a premises liability claim involving the lease or license of residential property by the statutory imposition of a specific duty to maintain the premises in reasonable repair and in compliance with state and local health and safety laws. Because factual questions existed respecting the applicability of these exceptions to the open and obvious danger doctrine, we conclude that summary disposition should not have been granted.

We reverse and remand. We do not retain jurisdiction.