# STATE OF MICHIGAN

# COURT OF APPEALS

PAULETTE HELD,

Plaintiff-Appellee,

v

NORTH SHORE CONDOMINIUM
ASSOCIATION,

Defendant-Appellant,

and

PURE GREEN LAWN AND TREE
PROFESSIONALS, INC.,

Defendant.

UNPUBLISHED
February 4, 2016

No. 321786
Ingham Circuit Court
LC No. 13-000241-NO

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

This appeal is before us as on leave granted from our Supreme Court. *Held v North Shore Condo Ass'n*, 497 Mich 1026; 863 NW2d 65 (2015). Defendant North Shore Condominium Association (North Shore) appeals the trial court's denial of its motion for summary disposition. For the reasons set forth in this opinion, we affirm.

## I. FACTS

On March 18, 2011, plaintiff went to defendant's condominium complex to turn off a security alarm for a cleaning person. Upon her arrival, plaintiff parked her car in the driveway, walked up the sidewalk to the door and entered the condominium. After turning off the alarm, plaintiff exited the condominium and walked back along the sidewalk toward her vehicle. In referencing a photograph of the sidewalk, plaintiff showed that the sidewalk curves away from the door of the condominium and toward the adjacent driveway. Plaintiff explained that when she reached the curve, she tripped and fell and suffered numerous injuries. Plaintiff believed that she tripped on landscape edging abutting the sidewalk because there was nothing else to trip on. The edging lined both sides of the sidewalk, was made of plastic, and protruded about 2-1/8 inches above the top of the sidewalk. The edging served to contain mulch.

-1-

On March 6, 2013, plaintiff filed a two-count complaint alleging that North Shore owed a duty to maintain the edging in a safe manner, to make necessary repairs, and to warn invitees of known hazardous conditions. Plaintiff alleged that North Shore should have known that the edging constituted a hazardous condition. Plaintiff argued that North Shore breached its duty of ordinary care in maintaining the sidewalk and edging.

On March 14, 2014, North Shore moved for summary disposition pursuant to MCR 2.116(C)(10). North Shore argued that it had no duty to plaintiff because the edging was an "open and obvious" condition of the land. North Shore compared the edging to a pothole and an unmarked step, calling these conditions "common" and explaining that such common and "ordinary occurrence[s]" should be observed and carefully navigated by a "reasonably prudent person." North Shore also argued that the edging presented no special aspect that constituted an exception to the open and obvious doctrine.

In response, plaintiff argued that there was a genuine issue of material fact as to whether the edging was open and obvious. Plaintiff argued that the edging could not have been discovered upon casual inspection because of "its color, its profile, and its height." Instead, plaintiff argued, the "edging blended in with the surrounding ground."

To support her argument, plaintiff relied on two expert opinions and photographs of the edging. The first expert, professional safety and human factors consultant Walter Cygan concluded that plaintiff "more than likely disregarded the subtle sidewalk curve . . . and the rigid [edging] separating the sidewalk and the mulch in front of her," making the edging a "hazardous condition." Furthermore, Cygan concluded, plaintiff "did not perceive the gravity of the risk" posed by the edging because the mulch and sidewalk "represent a color sameness" so that nothing drew plaintiff's attention to the area containing the edging. Cygan also opined that the walkway "was not properly maintained."

The second expert, professional building inspector Jeffery Bartem, concluded that the edging did not comply with Michigan Building or Fire Codes. According to Bartem, the building code "recognizes that variations of less than six inches are significantly more difficult to see, especially when any interruptions may be of similar color or low contrast." Furthermore, Bartem concluded that the fire code specified that "'[m]inor changes in elevation . . . may not be readily apparent during normal use . . . and is considered to present a potential tripping hazard.'" Bartem concluded that the "edging presents a tripping hazard, one that is especially difficult to perceive, due to both it being a relatively small elevation change, and being similar in color and contrast to its surroundings."

On April 9, 2014, following oral arguments, the trial court denied defendant's motion. The trial court cited plaintiff's experts in denying the motion. The trial court concluded that "there is certainly some evidence that [the edging] is Open and Obvious," but that "there is clearly a question . . . as to whether [the edging] was reasonable there and whether a person could see [the edging] properly when walking out" of the condominium.

On September 22, 2014, this Court denied defendant's application for leave to appeal the trial court's order. *Held v North Shore Condo Ass'n*, unpublished order of the Court of Appeals, entered September 22, 2014 (Docket No. 321786). Defendant then applied for leave to appeal to

our Supreme Court and on May 29, 2015, in lieu of granting leave to appeal, the Court remanded the case to this Court "for consideration as on leave granted." *Held*, 497 Mich at 1026.

## II. ANALYSIS

We review de novo the grant or denial of a motion for summary disposition under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 166; 713 NW2d 717 (2006). When ruling on a motion brought under MCR 2.116(C)(10), the trial court must consider the evidence submitted by the parties in the light most favorable to the party opposing the motion. *Reed v Breton*, 475 Mich 531, 537; 718 NW2d 770 (2006). The moving party is entitled to judgment as a matter of law if the proffered evidence fails to establish a genuine issue of any material fact. *Id.*

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). An ordinary negligence claim is based on the underlying premise that a person has a duty to conform his conduct to an applicable standard of care when undertaking an activity. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). In contrast, "[i]n a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land." *Id.* An owner "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Thus, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153; 760 NW2d 641 (2008).

In this case, we note that courts are not bound by the labels parties attach to their claims. *Buhalis*, 296 Mich App at 691. Rather, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710–711; 742 NW2d 399 (2007).

Reading plaintiff's complaint as a whole, it is apparent that the gravamen of plaintiff's claim against defendant North Shore sounded in premises liability. Plaintiff alleged that a condition on North Shore's land—i.e. the plastic landscape edging—constituted a dangerous condition of the property that gave rise to her injury. *Woodman*, 280 Mich App at 153. To the extent that plaintiff alleged that the edging was improperly installed or maintained—i.e. challenged the conduct that caused the condition—such claim pertained to defendant Pure Green Lawn and Tree Professionals, Inc., which is not a party to this appeal. Accordingly, we proceed by determining whether there was a genuine issue of material fact to support a premises liability claim against defendant North Shore.

In a premises liability action, a plaintiff must prove the elements of negligence: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc.*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The only difference between a

negligence and a premises liability claim is the duty involved. *Id*. It is undisputed that plaintiff was an invitee at the time of the alleged injury. "With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012) (footnote omitted).

However, a landowner has no duty to protect invitees from "open and obvious" conditions. *Price v Kroger Co of Mich*, 284 Mich App 496, 500-501; 773 NW2d 739 (2009). A condition is open and obvious when "an average person with ordinary intelligence would have discovered the [condition] upon casual inspection." *Hoffner*, 492 Mich at 461. "The proper question is not whether this plaintiff could or should have discovered the [condition], but whether the [condition] was observable to the average, casual observer." *Price*, 284 Mich App at 501. Generally, where there are no genuine issues of material fact as to the open and obvious nature of a hazard, the trial court decides the issue as a matter of law. See *Slaughter v Blarney Castle Oil Co.*, 281 Mich App 474, 484; 760 NW2d 287 (2008) (concluding that there were questions of fact as to whether ice was open and obvious).

Plaintiff submitted evidence that would allow reasonable minds to differ as to whether the edging was observable to the average observer upon casual inspection. *Price*, 284 Mich App at 501; *Slaughter*, 281 Mich App at 484. In particular, plaintiff submitted photographs that showed that the edging was similar in color to the surrounding mulch and that the edging was of a low-profile, which would allow a rational trier of fact to conclude that it was not easily observed. In addition, plaintiff offered the reports of Cygan and Bartem to show that the edging likely would not have been discovered upon casual inspection. Both experts concluded that the color similarity between the edging and the surrounding mulch may have made the edging difficult to discover. Bartem additionally concluded that the edging did not comply with Michigan Building or Fire Codes. According to Bartem, the building code written to "establish the minimum requirements to safeguard the public health, safety, and general welfare," Michigan Building Code § 101.3, "recognizes that variations of less than 6" are significantly more difficult to see, especially when any interruptions may be of similar color." Cygan noted that the edging strip protrudes two and one eighth inches above the sidewalk and that the "mulch and sidewalk represent a color sameness." While the violation of a building code is insufficient to impose a legal duty of care on an invitor, *O'Donnell v Garasix*, 259 Mich App 569, 578-579; 676 NW2d 213 (2003), the evidence supported that it is more difficult to observe variations in the land that are below six inches, which was relevant to whether a reasonably prudent person would have observed the edging upon casual inspection.

North Shore's arguments regarding plaintiff's evidence are unpersuasive. North Shore argues that at one point at her deposition plaintiff admitted that "If [the edging] was there, I must have seen it." But this quote is taken out of context. The cited testimony came after plaintiff was asked how long the landscape edging had been in place, and she responded, "I don't believe I took notice of that." When asked if she "[saw] the landscaping near the sidewalk when [she] went in to the condominium that day," plaintiff responded, "I wasn't looking for it. I didn't see it." When pressed about whether there was any reason she would not have seen the edging, given her admission that she normally looks where she is walking, appellee responded, "If it was there, I must have seen it." North Shore's argument fails for two reasons. First, whether a condition on the land is an open and obvious hazard involves an objective test to determine

-4-

whether a reasonable person would have observed the hazard upon casual inspection. *Price*, 284 Mich App at 501. Second, at best, plaintiff's testimony was conflicted. She stated that she did not recall seeing the edging, then agreed that, if on the premises then she must have seen it. At best, this testimony, when considered with the photograph evidence, left open issues of fact as to whether the condition was open and obvious. See e.g. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994) (a trial court may not make factual findings or weigh credibility in deciding a motion for summary disposition).

Furthermore, plaintiff was only questioned about her view of the edging as she walked up the sidewalk and "in" to—but not out of—the condominium. Cygan concluded that the "entry path [to the condominium] is clear and unobstructed," but that the exit path "returning from the residence to the driveway . . . presents a different visual perspective." The view of the edging walking out of the condominium, he concluded, made it "more than likely [that appellee] disregarded the . . . sidewalk curve . . . and the [edging] separating the sidewalk and the mulch."

Next, North Shore contends that the trial court erred in considering Cygan and Bartem's reports. North Shore did not raise this issue in the lower court; therefore, we need not address it on appeal. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Nevertheless, North Shore's assertion that the expert reports are irrelevant, speculative, and inadmissible hearsay is unpersuasive. Contrary to North Shore's assertion, Bartem's characterization of the edging as "camouflage[d]" does not contradict appellee's testimony. Further, the experts' assessments of the edging's appearance are not speculative, but rather were based on their own observations. In essence, North Shore's arguments concern witness credibility and the weight of the evidence, both of which are questions for the trier of fact, not the trial court at the summary disposition stage. *Skinner*, 445 Mich at 161. Moreover, reference to building and fire codes is relevant. Although a violation of a building code "is not in itself sufficient to impose a legal duty cognizable in negligence," it "may be some evidence of negligence." *Summers v Detroit*, 206 Mich App 46, 52; 520 NW2d 356 (1994).

To the extent that North Shore contends that the expert reports constitute hearsay and, therefore, plaintiff failed to provide substantively admissible evidence to prove a genuine issue of material fact, this argument also fails. See *Dextrom v Wexford Co*, 287 Mich App 406, 427; 789 NW2d 211 (2010), quoting *Maiden*, 461 Mich at 124 n 6 (substantive evidence used to show a genuine issue of material fact "'need not be admissible in form . . . [b]ut it must be admissible in content.'")

Finally, North Shore's argument that expert reports may not be considered when answering the legal question of whether a condition presents an open and obvious danger lacks merit. Here, neither expert offered a legal conclusion regarding whether North Shore owed a duty to plaintiff. Rather, the reports focused on the nature of the condition on the land, which was relevant to whether the condition was observable upon casual inspection. As noted above, where questions of fact exist concerning the open and obvious nature of a condition, summary disposition is not proper. *Slaughter*, 281 Mich App at 484. Moreover, North Shore's argument is inconsistent with established precedent. See e.g. *Pippin v Atallah*, 245 Mich App 136, 143-144; 626 NW2d 911 (2001) (considering expert testimony with respect to whether a chain hanging over blacktop was an open and obvious condition); *Abke v Vandenberg*, 239 Mich App

359, 362-363; 608 NW2d 73 (2000) (considering expert testimony regarding the proper illumination of a loading dock to assess whether a truck bay was an open and obvious condition).

Affirmed. Plaintiff having prevailed in full, may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Jane M. Beckering