# STATE OF MICHIGAN

# COURT OF APPEALS

ABDALLA QAMER,

        Plaintiff-Appellant,

v

VICTOR L CASSAR MANAGEMENT, L.L.C.,

        Defendant-Appellee.

UNPUBLISHED
August 9, 2016

No. 327462
Macomb Circuit Court
LC No. 2014-002012-NO

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the opinion and order of the trial court granting summary disposition in favor of defendant under MCR 2.116(C)(10) and the opinion and order of the trial court denying plaintiff's motion for reconsideration under MCR 2.119(F). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This premises liability case arises out of plaintiff's February 2014 slip and fall on an exterior sidewalk located at an apartment building owned by defendant. At the time of his fall, and since October 2012, plaintiff was residing in a one-bedroom apartment leased from defendant by Nadheer Abdulateef. The 2011 rental agreement between Abdulateef and defendant, the terms of which were incorporated by reference into a December 1, 2013 lease, provided that "[o]nly one adult was to occupy the premises" and that if additional persons were to live with Abdulateef, Abdulateef was required to notify defendant, obtain permission, and pay an additional $35 per month per person. Further, Abdulateef executed an "On Time Rent Payment Addendum" in 2011, which stated that in return for a $100 reduction in rent, Abdulateef agreed, among other things, that "[n]o other persons shall occupy the unit other than those listed on the original rental agreement."

Barbara Khamo, apartment manager and employee of defendant, testified at her deposition that she believed Abdulateef was the sole occupant of the apartment in February 2014. Khamo testified that she never received notice that plaintiff was staying in Abdulateef's apartment and never received any rent payments from plaintiff. Plaintiff never signed a lease and never completed any paperwork with defendant indicating his residency in the apartment. Plaintiff testified at his deposition that he only stayed at the apartment because Abdulateef allowed him to do so; in fact, after plaintiff's fall, when Abdulateef's cousin needed a place to

-1-

stay, Abdulateef told plaintiff that he needed to find other living arrangements; plaintiff moved out in March 2014. Plaintiff testified that he paid rent money to Abdulateef and that Abdulateef paid the rent to defendant. Abdulateef never paid additional monies to defendant for having plaintiff live with him, nor does it appear that he received permission from defendant for plaintiff to move into the apartment in 2012.

On the date of the fall, plaintiff left his apartment at 5:00 a.m. and walked down the sidewalk toward his car. He slipped on snow on the sidewalk, suffering injuries to his ankle requiring surgery. Plaintiff testified that snow was present the previous evening at 5:00 p.m. when he returned to the apartment, and that the condition of the sidewalk was approximately the same in the morning as it had been the previous evening. The apartment building had two entry/exit doors, both of which led to exterior sidewalks leading to a parking area. Plaintiff testified that he never checked the other door and sidewalk for snow before leaving that morning.

Plaintiff filed suit, alleging negligence, premises liability, and nuisance.[1] Defendant moved for partial summary disposition on the issue of whether plaintiff was a "tenant" such as would give rise to a statutory duty by defendant under MCL 554.139. Defendant later moved for summary disposition on the remainder of plaintiff's claims, arguing that the hazard that caused plaintiff's fall was open and obvious.

After a hearing on defendant's motions for summary disposition, the trial court issued an opinion and order holding that plaintiff's claims sounded in premises liability, not ordinary negligence, and that plaintiff was not a "tenant" under MCL 554.139 and thus could not sustain an action for violation of MCL 554.139. The trial court further found that the hazard that caused plaintiff's fall was open and obvious with no special aspects. The trial court thus dismissed all of plaintiff's claims and granted summary disposition in favor of defendant under MCL 2.116(C)(10).

Following the grant of summary disposition, plaintiff moved the trial court for reconsideration, arguing that defendant had failed to provide weather logs as requested in plaintiff's March 30, 2015 discovery request, and that the trial court's grant of summary disposition consequently resulted in a palpable error. Plaintiff argued that the logs were crucial in establishing that defendant was aware of the hazard of snow accumulation on the sidewalks. The trial court denied the motion, noting that the grant of summary disposition to defendant was based not on defendant's lack of notice of the weather conditions, but on the open and obvious nature of the danger.

This appeal followed. On appeal, plaintiff does not challenge the trial court's characterization of his claim as sounding in premises liability, but rather argues that the trial court erred by determining that he was not a tenant and further by determining that the hazard

---

[1] Although the trial court never specifically made reference to plaintiff's nuisance claim, it did dismiss plaintiff's case in the entirety. Plaintiff does not challenge on appeal the dismissal of his nuisance claim.

was open and obvious. Plaintiff also argues that the trial court erred by failing to grant reconsideration.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LCC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

## III. STATUTORY DUTY UNDER MCL 554.139

Plaintiff argues that the trial court erred by finding that defendant owed no statutory duty to plaintiff under MCL 554.139. We disagree.

MCL 554.139 statutorily imposes, in every lease of residential premises, certain covenants by the lessor to keep common areas fit for the use intended by the parties to the lease, and to keep the premises in reasonable repair. See *Allison*, 481 Mich at 426. A breach of one of these covenants is construed as a breach of the lease and supports a claim for damages based on breach of contract. *Id*. Because the duty is contractual in nature, the open and obvious defense is not available to bar a plaintiff's claim for its breach. *Royce v Chatwell Club Apts*, 276 Mich App 389, 397; 740 NW2d 547 (2007).

However, because MCL 554.139 establishes duties that exist between contracting parties, a lessor owes no duty under MCL 554.139 to a social guest of a tenant or other non-parties to the lease agreement. *Mullen v Zerfas*, 480 Mich 989, 990; 742 NW2d 114 (2007). Our Supreme Court was very clear when it stated that "a non-tenant could never recover under [MCL 554.139] because a lessor has no contractual relationship with—and therefore, no duty under the statute to—a non-tenant." *Allison*, 481 Mich at 431.

Plaintiff argues that MCL 554.139 provides that a landlord owes a duty to any occupant or resident of its property. Plaintiff is mistaken. In the first instance, plaintiff's citation to *O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), ignores the fact that the decision was abrogated on this precise issue by *Mullen*, 480 Mich at 990 ("The Court of Appeals in *O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), erred by indicating that

MCL 554.139(1) establishes a duty on the part of owners of leased residential property to invitees or licensees generally."). Further, plaintiff notes that a section of the housing law of Michigan, MCL 125.401 et seq., provides that "any occupant" may maintain an action against an owner for violation of the housing laws under certain circumstances. MCL 125.536 (1). The relevance of this is unclear, as plaintiff did not bring a claim against defendant under the housing law of Michigan, and made no attempt to satisfy the required elements of MCL 125.536(1). For example, plaintiff did not present proof that he had provided defendant with notice of the alleged "unsafe, unsanitary, or unhealthful" condition and that defendant had "failed thereafter to make the necessary corrections." *Id*. Further, the phrase "any occupant" does not appear in MCL 554.139; rather, the statute makes repeated reference to the parties to the lease. The Legislature's use of different terms in statutes generally suggests different meanings. *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 14; 795 NW2d 101 (2009). In any event, our Supreme Court has made it clear that an action under MCL 554.139 is only available to parties to a lease. *Mullen*, 480 Mich at 990.

Plaintiff further argues that he had an implied lease with defendant. We disagree. Evidence presented to the trial court indicated that plaintiff did not pay rent to defendant, nor had anyone completed any documentation that could be interpreted as memorializing a lease agreement between plaintiff and defendant.[2] Plaintiff left the apartment when Abdulateef told him he needed to move out, and does not appear to have given any sort of notice to defendant regarding his moving. Further, what documentation was presented at trial indicates that defendant believed Abdulateef resided in the apartment alone; in fact defendant granted Abdulateef a reduction in rent in return for his promise that he was the apartment's sole occupant. Although plaintiff argues that Khamo allowed him to store a vehicle on the property, an isolated favor done by an agent of defendant to plaintiff does not indicate that defendant was aware of, and acquiesced to, an oral leasehold contract with plaintiff that created a landlord-tenant relationship, or that such a contract was created by implication. See *Grant v Detroit Ass'n of Women's Clubs*, 443 Mich 596, 604-606; 505 NW2d 254 (1993); see also *City of Huntington v City of Oak Park*, 311 Mich App 96, 119; 847 NW2d 664 (2007) (noting that an implied contract must satisfy the elements of mutual assent and consideration). We agree with the trial court that plaintiff could not pursue a claim for defendant's violation of its statutory duties under MCL 554.139. MCR 2.116(C)(10); *West*, 469 Mich at 183.

---

[2] Plaintiff asserts on appeal that Abdulateef informed Khamo in 2013 that plaintiff was living with him. A letter to that effect does appear in the lower court record, although Khamo denied receiving any such notice that plaintiff was living in the apartment. In any event, the letter does not mention adding plaintiff to the lease and bears only the signature of Abdulateef. Even viewing the evidence in the light most favorable to plaintiff, we do not find that this letter from a third party could reasonably be interpreted as creating a lease agreement between plaintiff and defendant; at best, this letter merely indicates that defendant was aware that plaintiff was a guest of Abdulateef in 2013. No evidence was presented to the trial court indicating that Abdulateef possessed the authority to enter into contracts on behalf of either plaintiff or defendant. See *Hess v Cannon Twp*, 265 Mich App 582, 592; 696 NW2d 742 (2005) (noting that parties competent to contract are an essential element of contract formation).

## IV.  OPEN AND OBVIOUS

Plaintiff next argues, with respect to his remaining claims, that the snow on the sidewalk was not open and obvious and that the trial court therefore erred by dismissing his claims on that basis.  We disagree.

Possessors of land owe no duty to persons who enter their land to protect them from, or to warn them of, dangers that are open and obvious.  *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).  "Whether a danger is open and obvious depends on whether it is reasonable to expect an average person with ordinary intelligence would have discovered it upon casual inspection."  *Id*. at 461.  This is an objective standard that is not dependent on whether a plaintiff actually discovered the hazard.  *Id*.  However, as a "limited exception" to this general rule, a possessor of land may be liable when special aspects of a condition "make even an open and obvious risk unreasonable."  *Id*., see also *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001).  Special aspects may arise where a condition is either unreasonably dangerous or effectively unavoidable.  *Id*.

In cases involving ice and snow, "wintry conditions, like any other condition on the premises, may be deemed open and obvious."  *Id*., at 464.  Courts "thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger."  *Id*.

Here, plaintiff does not argue that the snow on the sidewalk was not objectively open and obvious; indeed, plaintiff's own testimony establishes that although the light was dim, it was sufficient for him to observe the condition of the sidewalk prior to encountering it.  Rather, he argues that the condition possessed special aspects that prohibit the doctrine's application.  We disagree.  Specifically, plaintiff argues that, because the snow was on the shortest possible route to his car, it was "effectively unavoidable."  The trial court rejected this argument, noting that plaintiff admitted that the apartment building possessed two entry/exit doors and at least one alternate route to plaintiff's car; in addition, plaintiff possessed the option of walking across the grass rather than on the snow-covered sidewalk.  The hazard was thus simply not effectively unavoidable.  *Id*. at 468 ("Unavoidability is characterized by an *inability to avoided*, an *inescapable* result, or the *inevitability* of a given outcome"); see also *Joyce v Rubin*, 249 Mich App 231, 242; 642 NW2d 360 (2002).  And there is nothing unreasonably dangerous about the accumulation of snow and ice rendering a sidewalk slippery in wintertime.  See *Joyce*, 249 Mich App at 243.  Rather, this was a common condition that plaintiff chose to encounter.  *Id*.  We therefore conclude that plaintiff did not establish a genuine issue of material fact concerning the openness and obviousness of the condition that he alleges caused his injury, and the trial court did not err in granting summary disposition in favor of defendant.  MCR 2.116(C)(10); *West*, 469 Mich at 183.

## V.  MOTION FOR RECONSIDERATION

Finally, plaintiff argues that the trial court erred in denying his motion for reconsideration, because defendant's failure to provide weather logs prevented plaintiff from arguing that defendant had notice of the hazard.  We disagree.

MCR 2.119(F)(3) provides that a party moving for reconsideration must "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." As stated above, the trial court found no palpable error in defendant's alleged failure to provide weather logs, as its decision was not based on defendant's lack of notice of the hazard. We agree with the trial court. A defendant's actual or constructive notice of a hazard, while relevant to a plaintiff's ultimate success on a premises liability claim, is not an aspect of the application of the open and obvious doctrine. A landlord owes no duty to warn of hazards (even if the landlord is actually or constructively aware of them) that are apparent on casual inspection and possess no special aspects. *Lugo*, 464 Mich at 516. And, as stated, we agree with the trial court that the condition was open and obvious with no special aspects. Therefore, evidence tending to show defendant's actual or constructive notice of the hazard would not have altered the disposition of defendant's summary disposition motion.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

-6-