# STATE OF MICHIGAN

# COURT OF APPEALS

STEVE AYVAZIAN,

Plaintiff-Appellant,

v

QUEST GOLF CLUB,

Defendant-Appellee.

UNPUBLISHED
September 13, 2016

No. 327792
Roscommon Circuit Court
LC No. 13-721536-NO

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

Plaintiff, Steve Ayvazian, appeals as of right the trial court's order granting summary disposition to defendant, Quest Golf Club, under MCR 2.116(C)(10). The trial court determined that there were no genuine issues of material fact regarding whether a hazard posed by Quest's stairs was open and obvious or unreasonably dangerous. We affirm.

## I. FACTUAL BACKGROUND

Ayvazian testified that on August 8, 2012, he was playing a round of golf at Quest's golf course. Ayvazian and his partner decided to take a break between the ninth and tenth holes for some refreshments. They parked their golf cart, walked up the pathway to the clubhouse, and went up the clubhouse steps. When leaving the same door after his break, Ayvazian tripped on the steps and fell into an adjacent flower bed. According to Ayvazian, he believed he was already on the ground and missed the lowest step. He believed he fell because at that time of day, there were no shadows to identify the contours of the steps, and the steps lacked markings or other visual cues to differentiate them. Ayvazian seriously injured his neck.

Quest filed for summary disposition, contending that the steps posed an open and obvious hazard that lacked any special aspects to make them unusually dangerous. The trial court agreed, and Ayvazian now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must

-1-

consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013).

### III. OPEN AND OBVIOUS HAZARDS

Ayvazian contends that there was a genuine issue of material fact regarding whether the stairs were an open and obvious hazard because the steps in this case were not clearly marked as stairs. We disagree.

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). A premises owner has a duty to protect invitees—persons who enter the owner's premises at his or her express or implied invitation—from hidden or latent defects on his or her property. *Id*. at 90-91.

The premises owner's duty is the duty to *warn* the invitee of any hidden or latent defects. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 612; 537 NW2d 185 (1995). But a premises possessor is "not required to protect an invitee from open and obvious dangers." *Lugo v Ameritech Corp Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). A danger is open and obvious where an average user with ordinary intelligence would have been able to discover the danger on a casual inspection. *Novotney v Burger King Corp*, 198 Mich App 470; 499 NW2d 379 (1993). Stairs are generally an open and obvious danger:

> With the axiom being that the duty is to protect invites from *unreasonable* risks of harm, the underlying principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees. . . . Consequently, because the danger of tripping and falling on a step is open and obvious, the failure to warn theory cannot establish liability. [*Bertrand*, 449 Mich at 614 (citation omitted).]

In this case, some of Ayvazian's close-up photographs of the steps around noon illustrate a difficulty in distinguishing the steps. However, other photographs clearly show that the steps were visible, and Ayvazian testified that the trashcan positioned at the bottom of the steps provided a visual cue to the presence of the second step. More importantly, there is no dispute that Ayvazian was in fact aware of the presence of the stairs in general—he testified that he went up the stairs to enter the clubhouse, used the steps on prior occasions, and was aware that he was going down stairs when he mistakenly believed he was on the ground.

We conclude that the trial court did not err when it determined that there was no genuine issue of material fact regarding whether the steps posed an open and obvious hazard. Quest had

no duty to warn Ayvazian about the open and obvious danger posed by the steps outside its clubhouse.

## IV.  UNREASONABLE RISK OF HARM

Ayvazian also contends that the trial court erred when it determined that no special aspects made the stairs unreasonable dangerous.  Specifically, Ayvazian contends that the stairs' lack of guardrails and layout made them inherently dangerous.  We disagree.

A premises owner may be liable even for open and obvious dangers in some narrow circumstances.  *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012).  A landowner may be liable if the open and obvious danger has special aspects "that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm[.]"  *Lugo*, 464 Mich at 517.  Special aspects include hazards that are "effectively unavoidable" or that present "a substantial risk of death or serious injury . . . ."  *Id*. at 518.  Everyday hazards such as steps and potholes do not pose highly unreasonable risks, even in the presence of distractions.  See *id*. at 522.  The risk of harm posed by stairs is generally reasonable.  *Bertrand*, 449 Mich at 617.

However, stairs may pose an unreasonably dangerous condition if they are combined with other factors that unreasonably increase the danger.  In *O'Donnell*, this Court considered a set of stairs and concluded that they posed an unreasonably dangerous condition:

> [T]he height and steepness of the stairs, the layout of the low-ceilinged loft, including the opening between the guardrail and the stair tread, open-sided staircase, inadequate stair rail, and lack of a light switch at the top of the stairs, when considered together, are special aspects giving rise to a uniquely high likelihood of harm from falling to the hardwood floor below, and therefore remove the condition from the open and obvious danger doctrine.  [*O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), abrogated in part on other grounds by *Mullen v Zerfas*, 480 Mich 989 (2007).]

In this case, the stairs are not similarly dangerous.  The evidence in the record indicates that the stairs in question were two broad, flat steps.  The stairs lacked a railing.  However, they did not pose the risk of an unguarded fall from a height, and the stairs themselves were not particularly steep.  The remainder of the steps' character, location, and surrounding conditions give no indication that there is a serious risk of unreasonable harm.  See *id*. at 578.  While it is unfortunate that Ayvazian did not notice the steps and landed in the flowerbed in such a way as to seriously injure his neck, the risks did not pose an *unreasonable* risk of that danger.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens

-3-