# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 25, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151368

STARR STIMPSON,
          Plaintiff-Appellee,

v

GFI MANAGEMENT SERVICES, INC.,
HARBOUR CLUB APARTMENTS, and
HARBOUR DETROIT SQUARE, L.L.C.,
          Defendants-Appellants.

SC: 151368
COA: 319165
Oakland CC: 2012-128168-NO

_____/

On order of the Court, the application for leave to appeal the February 24, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that a reasonable jury could find that the plaintiff had no choice but to confront the hazard posed by the snow and ice. In *Hoffner v Lanctoe*, 492 Mich 450, 468-69 (2012), this Court clarified that, for an unreasonably dangerous hazard to be "effectively unavoidable," it must be essentially "inescapable." Effective unavoidability is characterized by "an inability to be avoided, an inescapable result, or the inevitability of a given outcome." *Id.* In this instance, it is undisputed that plaintiff selected the location where she parked her truck, chose to use that vehicle even though she had a second vehicle parked under a carport, and did not attempt to use the salt near her apartment door. The Oakland Circuit Court correctly granted summary disposition to the defendants and the Court of Appeals erred by reversing. We therefore REMAND this case to the circuit court for reinstatement of the judgment in favor of the defendants.

We do not retain jurisdiction.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 25, 2015

Clerk

d1118