*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE SIRREY,

UNPUBLISHED
March 10, 2022

Plaintiff-Appellee,

v

No. 356323
Macomb Circuit Court

J DELL HAIR STUDIO,

LC No. 2020-000733-NO

Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition. We reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On Sunday, March 5, 2017, plaintiff was a patron at defendant's hair salon; defendant had opened for business that day specifically to perform hairstyling and makeup for plaintiff's daughter and her wedding party. Plaintiff slipped and fell while on the premises and allegedly was injured. Defendant's owner, Janan Delly (Delly), had styled plaintiff's hair, but had waited to style her bangs until after her makeup was finished. While plaintiff was getting her makeup done, Delly's young niece and nephew entered the salon, and Delly cut their hair. According to plaintiff, while she was waiting to have her bangs styled, Delly came to the makeup chair in which plaintiff was sitting and instructed her to follow Delly to her salon chair. By contrast, Delly testified at her deposition that she was in the back of the salon retrieving a broom to sweep up her niece's and nephew's hair when plaintiff fell, and that plaintiff had walked to Delly's salon chair of her own accord.

---

[1] *Sirrey v J Dell Hair Studio*, unpublished order of the Court of Appeals, entered May 26, 2021 (Docket No. 356323).

In any event, as plaintiff approached the salon chair, she slipped on what she later identified as hair clippings on the floor, and alleged that she had sustained injuries. Although she admitted to not watching the floor as she was walking, plaintiff opined at her deposition that she would not have seen the hair clippings if she had glanced at the floor, given that the hair and defendant's floor were both dark; however, she also stated that she "probably" would have seen the hair on the floor if she had been looking at the floor while she was walking, and that she had not expected hair to be on the floor because the salon was not open. However, Delly testified that the salon floor was a light gray color. In a photograph provided to the trial court by defendant, the salon floor around the chair appears light or medium gray, with dark mats covering portions of the floor; in another photograph of a different portion of the salon floor, the floor appears light brown or gray. Plaintiff indicated that there were a lot of hair clippings on the floor in a two-foot area along the back of the salon chair.

Plaintiff filed suit, alleging that defendant had breached its duty as a premises owner and had caused her injury. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that the open and obvious doctrine barred plaintiff's claim, and that the hair clippings on the floor had no special aspects that would preclude application of the open and obvious doctrine. The trial court denied defendant's motion, holding that there was a substantial dispute regarding the open and obvious nature of the hair clippings on the salon floor. Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

"This Court . . . reviews de novo a trial court's decision on a motion for summary disposition." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). We "review a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds may differ." *Id*.

This Court reviews de novo the interpretation of administrative rules. *Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003). "The rules of statutory construction apply to both statutes and administrative rules." *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007). "The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Mich Ass'n of Home Builders v Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019) (quotation marks and citations omitted). "[W]here the statutory language is clear and unambiguous, that statute must be applied as written." *Id*. (quotation marks and citations omitted, alterations in original).

### III. OPEN AND OBVIOUS DOCTRINE

Defendant argues that the trial court erred by denying defendant's summary disposition motion, because the hair clippings on defendant's floor constituted an open and obvious danger. We agree.

To prevail on a claim of negligence, a plaintiff must prove: "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014). For a negligence claim brought under a theory of premises liability, the premises possessor's duty is dependent on the status of the plaintiff at the time of the injury. *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001). "A premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, "[a]bsent special aspects, this duty does not extend to open and obvious dangers." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). "Whether a danger is open and obvious is judged from an objective standard, considering whether it was reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Estate of Goodwin v Northwest Fair Ass'n*, 325 Mich App 129, 158; 923 NW2d 894 (2018) (quotation marks and citations omitted). Indeed, "there is an overriding public policy that people should [']take reasonable care for their own safety.['] " *Buhalis*, 296 Mich App at 693.

Defendant argues that the hair clippings on defendant's floor constituted an open and obvious danger, while plaintiff contends they did not because she did not see the hair before she fell. However, plaintiff also admitted she was not watching the floor where she was walking. "[I]f a [']condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger.['] " *Buhalis*, 296 Mich App at 694. This standard is an objective one, and the question is whether "an average person with ordinary intelligence would have discovered it upon casual inspection." *Estate of Goodwin*, 325 Mich App at 158.

Even if plaintiff did not see the hair on the floor before she fell, she has failed to establish that the hair would not have been discoverable on casual inspection. *Id*. Moreover, plaintiff admitted that she knew hair salons have hair on the floor at times, and further admitted that the hair might have been visible had she looked down at the floor. Viewed in the light most favorable to the plaintiff, there is no genuine issue of material fact that the hair clippings were open and obvious, despite plaintiff's failure to discover them prior to her fall. *Buhalis*, 296 Mich App at 694.

Further, the hair clippings possessed no special aspects that made them unreasonably dangerous. Generally, "a premises possessor is not required to protect an invitee[2] from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to

---

[2] The parties agree that plaintiff was an invitee at the time of the fall.

protect invitees from that risk." *Lugo*, 464 Mich at 517. An open and obvious danger is unreasonably dangerous if it is effectively unavoidable, or if it presents a high risk of severe harm. *Id*. at 518. However, "only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id*. at 519. In illustrating this concept, the *Lugo* Court presented two examples: (1) "a commercial building with only one exit for the general public where the floor is covered in standing water;" and (2) "an unguarded thirty foot deep pit in the middle of a parking lot." *Id*. at 518. With respect to the first example, the *Lugo* Court noted the water would be unavoidable, as any customer wishing to exit the store would need to walk through the water. *Id*. As to the second example, the Court determined the pit created a substantial risk of death or severe injury, even though the pit was open and obvious and was likely avoidable. *Id*.

Plaintiff argues that the hair clippings were effectively unavoidable because she was required to walk through them to get to the only salon chair available for Delly to finish plaintiff's hair. Plaintiff also contends that the risk was unavoidable because she otherwise would have been forced to attend her daughter's wedding with her hair unfinished, which she could not do. We disagree.

A hazard is unavoidable when it is "essentially inescapable." *Stimpson v GFI Mgmt Servs, Inc*, 498 Mich 927; 871 NW2d 207 (2015). Plaintiff cites *Estate of Livings v Sage Investment Group*, ___ Mich ___; ___ NW2d ___ (2021) (Docket No. 159692), in support of her argument that "life activities are important enough that a reasonable customer will knowingly face risk to accomplish his or her mission." However, *Estate of Livings* analyzed an employee's decision to enter a workplace despite hazardous weather conditions, and held that, under some conditions, "an open and obvious hazard can become effectively unavoidable if the employee confronted it to enter his or her workplace for work purposes." *Id*. at ___, slip op at 9. In this case, plaintiff does not argue that she would have risked an adverse employment consequence if she had elected not to encounter the hair clippings, but only that she would have been forced to attend her daughter's wedding with incomplete hair and makeup. We find this situation sufficiently distinguishable from *Estate of Livings*; further, in any event, the Supreme Court in *Estate of Livings* made it clear that even in an employment context, "the key [to determining whether a hazard was effectively unavoidable] is whether alternatives were available that would have been used by a reasonable person in the employee's circumstances." *Id*. at ___, slip op at 10.

Although plaintiff disputes that Delly was on her way to get a broom to clean the hair clippings off the floor when plaintiff fell, she nonetheless could have simply asked Delly or another stylist to sweep the hair off the floor, or she could have taken an alternative route to the chair. And plaintiff presented no evidence that there was only one route she could have used to walk to the salon chair. The photograph of the salon chair shows that it was approachable from several directions. Plaintiff stated the hair was on the floor near the back of the chair, but failed to present evidence that she was forced to approach the chair in a way that necessitated an encounter with the clippings. Plaintiff has not established that the hazard was effectively unavoidable. *Lugo*, 464 Mich at 518.

Plaintiff has also provided no evidence that the hair clippings on the floor presented an unreasonable risk of harm, given that plaintiff was in a hair salon, where members of a bridal party

were getting their hair done. Indeed, plaintiff admitted to knowing that hair salons may have hair clippings on the floor. *Id*.

The hair clippings had no special aspects that precluded the application of the open and obvious doctrine. Therefore, the trial court erred by denying defendant's summary disposition motion.

### III. MICH ADMIN CODE, R 338.2173(1)

In responding to defendant's motion for summary disposition, plaintiff raised the argument that the open and obvious doctrine does not apply in this case because defendant violated an inspection regulation of the Michigan Department of Licensing and Regulatory Affairs (LARA), Mich Admin Code, R 338.2173(1) (Rule 73). It is not clear that the trial court relied on this argument in denying defendant's motion. However, to the extent the trial court did so, it erred. Plaintiff has not established that a violation of Rule 73 establishes a private cause of action.

Rule 73 states in relevant part that "the licensee or owner of an establishment or school shall keep the establishment or school clean, safe, and sanitary at all times, disposing of temporary waste materials, including, but not limited to, hair clippings, paper, and tissues, after servicing a patron." *Id*. Plaintiff argues that this Court should recognize a private cause of action arising from Rule 73, because courts have recognized that duties may arise under common law or by specific statutory mandates. However, to support her contention, plaintiff cites various cases that discuss a party's breach of duty in relation to the violation of a statute. Plaintiff provides no authority analyzing a breach of administrative regulations, and fails to establish that the proper remedy for violation of Rule 73 is a civil lawsuit rather than administrative proceedings. Specifically, plaintiff cites *Woodbury v Bruckner*, 467 Mich 922; 658 NW2d 482 (2002), which determined that a violation of a statute precluded the use of the open and obvious doctrine. However, we have found no cases extending *Woodbury*'s holding to licensing regulations. Indeed, this Court has distinguished between violations of statutes and violations of codes and ordinances regarding the application of the open and obvious doctrine. See, *O'Donnell v Garasic*, 259 Mich App 569, 578; 676 NW2d 213 (2003) (finding that not all building code violations would preclude the application of the open and obvious danger doctrine).

Moreover, a private cause of action cannot be found in or inferred from the language of the Administrative Code or Rule 73 itself. "Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v Kindercare Learning Ctrs, Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998).

Rule 73 is a part of the Administrative Code, and was promulgated by LARA, as authorized by Michigan's Occupational Code, MCL 339.101 *et seq*. Specifically, MCL 339.1203(1) allows LARA to "promulgate rules that establish sanitation standards that the department considers necessary." In addition, MCL 339.501 states:

> A complaint which alleges that a person has violated this act or a rule promulgated or an order issued under this act shall be lodged with the department.

The department of attorney general, the department, a board, or any other person may file a complaint. [MCL 339.501.]

Since Rule 73 is a rule issued under Michigan's Occupational Code, the remedy for an alleged violation of the rule is established by MCL 339.501. Generally, "when a right or duty is imposed by statue, the remedy provided for enforcement of that right by the statute for its violation and nonperformance is exclusive." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010) (quotation marks and citations omitted). The Occupational Code provides for enforcement through: (1) agency investigations, as established by MCL 339.502; (2) inspections, under MCL 339.1203(1); and (3) complaints lodged with LARA, under MCL 339.501. Therefore, the exclusive remedy available to plaintiff for an alleged violation of Rule 73 is for plaintiff to lodge a complaint with LARA. See MCL 339.501; see also *Lane*, 231 Mich App at 689. Therefore, even if defendant violated Rule 73,[3] the violation does not preclude the application of the open and obvious doctrine.[4]

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[3] We note that plaintiff did not allege in her complaint that defendant violated Rule 73, but only raised the issue in response to defendant's motion for summary disposition. We further note that, despite the conflict in testimony regarding Delly's actions at the time plaintiff fell, there appears to be no dispute that the hair clippings had only recently fallen on the floor.

[4] Although our dissenting colleague agrees that there is no private right of action for an alleged violation of Rule 73, the dissent endeavors to find an actionable negligence claim independent of a premises liability claim. With respect, however, and apart from the legal merits of that effort and the fact that appellee did not advance that position either in the trial court or in this Court on appeal, the factual scenario posited by the dissent also appears nowhere in plaintiff's complaint, deposition testimony, or brief on appeal.